**Charles H. JOHNSON, Sr., Appellant,**

**v.**

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Appellee.**

No. 73-1279.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1973.

Decided Nov. 14, 1973.

Robert E. McGarry, St. Paul, Minn., for appellant.

Francis X. Herman, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

The claimant, Charles H. Johnson, Sr., appeals from the district court's judgment in favor of the Secretary of Health, Education and Welfare, which had denied him Social Security disability insurance benefits under 42 U.S.C. §§ 416(i) and 423.

■ The period of insurability for plaintiff under the Social Security Act expired December 31, 1963. Plaintiff had the burden of showing by substantial evidence that he was disabled from engaging in any substantial gainful activity on or before that date. The administrative trial judge found that Johnson was not under a "disability" as defined in the Act. This finding was sustained by the Secretary of Health, Education and Welfare. The district court affirmed the Secretary's denial of any benefit, finding that although the medical testimony indicated that the claimant was unable to do any heavy lifting he nonetheless could have engaged in gainful employment as a dispatcher for a taxi cab company, a job he had previously held in the late 1940's.

On appeal Johnson, who was without counsel at the disability hearing, urges that the only testimony regarding his ability to serve as a cab dispatcher was elicited from him and at the time he testified he did not feel he could serve in this capacity because he was unable to sit for any length of time.

The administrative trial judge, after reviewing the claimant's long medical history, observed:

Taking the claimant's contentions with respect to his restrictions and limitations at face value, i. e., that during the time in issue he had to alternately sit and stand and that he could not maintain one position for too long, it would appear, nevertheless, that dur-

ing the critical period he was able to perform his former sedentary type job as a taxi dispatcher. I find it quite significant that from 1962 to 1965 he successfully pursued a course at a business school, completing his studies there in 1965. It would be fair to conclude that the same residual capacities which enabled Mr. Johnson to successfully complete three years at a business school would have been quite adequate to enable him to perform the work of a taxi dispatcher.

The record shows that the claimant testified that because of his incapacity he was able to attend business school from 1962 to 1965, only two hours a day and therefore it took him three years to complete a "short course." At the hearings he could not remember the normal length of the course.[1]

■■ It is true, as the district court recognizes, that the examiner, sitting as a trier of fact, may apply his experience and judgment in weighing the testimony of experts and draw fair and reasonable conclusions from the evidence. It is one thing for the examiner to infer that the overall evidence did not support the claimant's allegation of disability; however, it is another for the examiner to make that inference on his own determination that the claimant could serve in *a specific* vocation, when the only evidence in the record disputes it.

Claimant urges that under the circumstances a vocational expert should have been called to assess and evaluate his capacity and ability to perform gainful employment. In Garrett v. Richardson, 471 F.2d 598, 603–604 (8th Cir. 1972), this court observed:

The burden of producing such a person must rest with the hearing examiner and in the absence of substantial evidence from other sources bearing directly on the issue of "substantial gainful activity," the testimony of a vocational counselor is essential for the affirmance of an examiner's findings.

■■ Our statement in *Garrett* does not mean in every Social Security disability hearing the administrative judge must call as a witness a vocational counselor. Where, however, the essential issue relates to the capacity of the claimant to perform a specific job and *there is no other evidence directly on that issue,* in order for the record to be fully and fairly developed, a vocational expert should be called. Under the circumstances, we find the record was not fully and fairly developed. *See* Sellars v. Secretary, 458 F.2d 984 (8th Cir. 1972).

We are aware on the present record that the medical testimony is likewise confusing and uncertain. This is primarily due to the lapse of time involved from the date of insurability to the time of the hearing, as well as to the complications of additional disability incurred by the claimant after the date of insurability. Claimant now has competent counsel. On remand before the Secretary, counsel will have the opportunity to more fully develop medical opinion, as well as a vocational counselor's evaluation as to the claimant's condition and whether or not he was incapacitated from engaging in gainful activity on or before December 31, 1963.

The judgment is reversed and remanded to the district court with directions to remand the claim to the Secretary of Health, Education and Welfare for a further hearing.

---

1. Counsel, admittedly off the record, asserts in the appellate brief that the course was actually a 48 week course and that due to claimant's incapacity it took him 111 weeks to finish it.