Frank W. WILLEM, Appellant,

v.

Elliot L. RICHARDSON, Secretary of Health, Education, and Welfare, Appellee.

No. 73–1399.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1973.

Decided Jan. 25, 1974.

Arnold M. Bellis, St. Paul, Minn., for appellant.

Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, Circuit Judge, MOORE,* Senior Circuit Judge, and WEBSTER, Circuit Judge.

PER CURIAM.

This is an appeal from an order by the Honorable Philip Neville, United States District Judge for the District of Minnesota, granting summary judgment in favor of the Secretary of Health, Education and Welfare on the ground that substantial evidence supported the hearing examiner's denial of disability insurance benefits to claimant, Frank W. Willem. We reverse and remand to the district court with directions to remand the claim to the Secretary for further development of the record.

Willem, 59 years old with an eighth grade education, has had several years experience as a welder and welder supervisor.[1] He suffered injuries when he fell from a ladder on March 19, 1965 and when he was again injured at work on or about October 20, 1966. He received medical treatment for these injuries, including an operation for an anterior disc excision and interbody fusion in August, 1968.

In 1967 and 1968, Willem filed applications to establish a period of disability and for disability insurance benefits, 42 U.S.C. §§ 416, 423. Following the deni-

---

* LEONARD P. MOORE, Senior Circuit Judge, Second Circuit, sitting by designation.

1. Willem has also had less extensive experience as a shop foreman, layout man, shear operator, and drill press operator.

al of both these applications, Willem filed a third application on May 12, 1970, claiming that persistent pain and discomfort prevented him from carrying on gainful employment. When this application was denied, Willem demanded and received a hearing, which was held in Minneapolis, Minnesota, on August 25, 1971. Willem testified and was represented by counsel.

The medical evidence before the hearing examiner tended to support the claimant's contention that he did experience pain, although there was some disagreement concerning whether the pain was attributable to physical impairments or whether its source was primarily psychological. The record also indicates that Willem performed no work from the time of his 1966 injury until April 3, 1971, when he returned to work on a part-time basis as a welder supervisor or in a similar capacity. From April 3, 1971 at least up until the time of his hearing, he worked two to four hours per day, three to four days per week, and his wage was $3.70 per hour. During that period, his employer permitted him to lie down and stop work frequently. Willem often missed work altogether, although his work was described as necessary to his employer and not "made work". The record contains no other vocational evidence of Willem's present capabilities.[2]

The hearing examiner saw it his task to determine whether the claimant's impairments were of sufficient severity to constitute a disability within the meaning of the statute and, if so, to fix the duration thereof. 42 U.S.C. §§ 416, 423. After reviewing the evidence, he concluded that

. . . at all times herein material the claimant's impairments, either sin-

gly or in combination, were not sufficiently severe so as to preclude him from engaging in any substantial gainful activity. In light of Mr. Willem's age, education and extensive vocational experience, I conclude that he has at all times been able to perform his former job as a welder supervisor. There is no doubt that his impairments do prevent him from performing heavy sustained physical exertion. However, this limitation does not in any way prevent him from exercising his supervisory functions.

When Willem sought review, the district court sustained that conclusion as one supported by substantial evidence and granted the Secretary's motion for summary judgment.

We hold that further development of the record is necessary because the hearing examiner failed to develop appropriate evidence of the claimant's vocational capabilities. *See* Garrett v. Richardson, 471 F.2d 598 (8th Cir. 1972):

The burden of producing [a vocational expert] must rest with the hearing examiner and in the absence of substantial evidence from other sources bearing directly on the issue of 'substantial gainful activity,' the testimony of a vocational counselor is essential for the affirmance of an examiner's findings.

471 F.2d at 603–604.

In the instant case, the only evidence relating to Willem's ability to serve as a welding supervisor was the testimony of Willem himself, who described the grave difficulties he experienced in attempting to perform such work even under terms of employment which had been modified to suit his condition.[3] *See* Wilson v.

---

2. On March 2, 1971 Gregg W. Erickson, rehabilitation counselor with the Minnesota Vocational Rehabilitation Division of the Department of Education, wrote to claimant's counsel advising that "any type of vocational planning should be held off until Frank's physical condition improved" and "[u]ntil his

physical condition improves to a point where he can be dependable to work or retrain on a day to day basis his prognosis is guarded."

3. The medical opinions as to whether he could work in such a capacity were conflicting. Willem's own treating physicians sup-

Richardson, 455 F.2d 304 (4th Cir. 1972).[4] Nevertheless, the hearing examiner found Willem capable of working in that particular vocation, for he reasoned that:

> [w]hile the claimant's current work arrangement may not, in and of itself, constitute substantial gainful activity, I find that it does nonetheless indicate that the claimant has the residual capacities to actually engage in substantial gainful activity. (Social Security Regulations Section 404.1532)

This case is not unlike Johnson v. Richardson, 486 F.2d 1023 (8th Cir. 1973), wherein the only testimony regarding the claimant's ability to serve as a taxicab dispatcher was elicited from the claimant himself, who testified he could not serve in such a capacity because he was unable to sit for any length of time. The administrative trial judge concluded, nonetheless, that the claimant could serve in the specific vocation of cab dispatcher. We remanded, observing that "[w]here . . . the essential issue relates to the capacity of the claimant to perform a specific job and *there is no other evidence directly on that issue,* in order for the record to be fully and fairly developed, a vocational expert should be called." *Id.* at 1025 (emphasis in original).

The judgment is reversed and remanded to the district court with directions to remand the claim to the Secretary of Health, Education and Welfare for a further hearing.

---

ported his disability claims, while one consulting physician, after examining the claimant, suggested that his impairments should not prevent him from working, and another opined that he "should get well and return to work." We said in Garrett v. Richardson:

> 'Once proper medical evidence, buttressed by subjective evidence from claimant has shown a sufficiently severe impairment, it must be determined if such impairment, plus claimant's educational and work status, preclude any substantial, gainful activity. . . . [W]here the claimant alleges inability to engage in substantial, gainful activity, and his personal physician, the man in whose charge claimant has entrusted his health, claims likewise, if examining physicians are to dispute this contention, they must give the medical ba-

sis for their opinions. It is not sufficient to say that a man suffers some form of physical impairment yet can do "light work." It must be shown medically that he can perform the physical activities certain jobs require without serious aggravation to present physical impairment or to general health. Otherwise, the Hearing Examiner's findings would amount to pure speculation.' Clemochefsky v. Celebrezze, 222 F.Supp. 73, 78 (D.C.Pa.1963) ; Floyd v. Finch, 441 F.2d 73, 83 (6th Cir. 1971). *See* Massey v. Celebrezze, 345 F.2d 146, 157 (6th Cir. 1965).

471 F.2d at 602-603.

4. "[The claimant's] sporadic and transitory activities may demonstrate not his ability but his inability to engage in substantial gainful activity." 455 F.2d at 307.