Marie LANDESS, Appellant,

v.

Casper W. WEINBERGER, Secretary of Health, Education and Welfare, Appellee.

No. 73–1493.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1973.

Decided Feb. 12, 1974.

James R. Reynolds, Ford, Ford & Crow, Kennett, Mo., for appellant.

J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

This is an appeal from the district court's grant of summary judgment in favor of the Secretary of Health, Education and Welfare on the basis that substantial evidence supported the Secretary's denial for disabled widow's insurance benefits under 42 U.S.C. §§ 402(e)(1)(B)(ii) and 405(g).

We reverse with directions to the district court to remand the case to the Secretary for further evidentiary proceedings.

The only contested issue is whether the claimant, Marie Landess, is disabled under the Act. Mrs. Landess is 52 years of age and has been a widow since December 26, 1969. She has not been employed since 1945. At the hearing before the administrative law judge Mrs. Landess was not represented by counsel. She complained of back problems with nerve root symptoms, arthritis in her feet and a hiatus hernia which causes constant heartburn and regurgitation of food on stooping or bending. She said she had been instructed to remain off of her feet. In addition she has a fibroid uterus which causes her to be incapacitated on an intermittent basis. Although surgery has been recommended for her fibroid uterus and hiatus hernia none has been performed. Also myelographic studies for her back have been suggested but not given.

At the hearing held on October 20, 1971,[1] sketchy medical reports were submitted by the claimant's two doctors. These reports generally confirm plaintiff's illnesses; however, the reports are silent as to her complaints involving arthritis. Claimant's back condition is diagnosed as a degenerative disc at the space of the first lumbar vertebra with a calcium deposit found at the space of S-4.

The hearing examiner telephoned Mrs. Landess' physician, Dr. A. D. Brookreson of Poplar Bluff, Missouri on September 18, 1970. He again verified her condition but indicated that he felt her hiatus hernia was getting better under treatment.

The Secretary requested an orthopedic examination from Dr. Frank Tull on December 15, 1970. Dr. Tull saw Mrs. Landess on only one occasion. He examined her primarily for her back complaints. He made certain objective findings which included limitations of motions on flexion and extension. He suggested a myelogram as a basis for further study of her back condition. Thereafter two medical advisers for Health, Education and Welfare, Dr. F. S. Morest and Dr. John J. Holcomb, reviewed all of the medical reports submitted by the Secretary and without personal examination of the claimant independently concluded that "all of the medical evidence" shows that "claimant's impairments do not meet or equal the level of severity prescribed in the Listings of Impairments, Appendix to Subpart P of Regulations No. 4."

On the basis of the above evidence the hearing examiner found that the claimant had not sustained her burden of proof to show that she was disabled from engaging in "any gainful activity." The claimant applied to the Appeals Council of the Social Security Administration for review. Thereafter she retained counsel, Mr. James R. Reynolds, who now represents her. Prior to the Appeals Council order affirming the hearing examiner, Mr. Reynolds obtained medical reports from claimant's two physicians, Drs. A. F. and A. D. Brookreson, dated February 4, 1972 and March 30, 1972. The February report from Dr. A. F. Brookreson concluded:

It is my opinion from the physical examination that Mrs. Marie Landess is not able to do manual labor due to the above conditions, but a report from a neurosurgeon, with a myelogram to prove the ruptured disc might give

---

[1]. The claimant originally filed her application for widow's insurance benefits on July 24, 1970. Upon being denied benefits, she reapplied for reconsideration on October 20, 1970. This was denied on April 20, 1971. She thereafter requested a hearing.

more evidence to the seriousness of her condition.

We agree with the district court's evaluation that the claimant did not sustain her burden of proof that she was unable to engage in any gainful activity by reason of any medically determinable physical impairment. However, our recent decisions have made it clear that the hearing examiner has a duty to fairly and fully develop the matters at issue. *See* Johnson v. Richardson, 486 F.2d 1023 (8th Cir. 1973); Sellars v. Secretary, 458 F.2d 984 (8th Cir. 1972). The administrative law judge in social security cases is in the peculiar position of acting as an adjudicator while also being charged with developing the facts. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). This is especially true when the claimants appear without counsel. Where it is obvious that the examiner has not fully developed the evidence, we have ruled the Secretary has the duty to reopen the claim until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled or not. *Sellars, supra,* 458 F.2d at 986.

■ In the instant case, Mrs. Landess' own testimony recites sufficient evidence to show that she is disabled to the extent that she cannot engage in any gainful activity. Of course, this by itself is not enough; there must be medical corroboration of her disability. Here the evidence *gathered* by the examiner from her physicians does not in any way develop the extent of her disability. Counsel's belated attempt to supplement the record before the Appeals Council by additional reports demonstrates only that Mrs. Landess is disa-

bled and cannot do manual labor. These reports still fall short of disclosing whether Mrs. Landess is so disabled that she cannot pursue any gainful activity. Claimant should be entitled to have the views of her treating physicians more fully developed.

We recognize the difficulties which come from the type of hearing often necessitated in social security cases where much of the medical evidence is submitted in report form. Written medical reports seldom provide a medical witness the opportunity to fully develop the overall physical or mental condition of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.[2]

■ Although the law recognizes that written medical reports are admissible in a social security hearing and may be the sole basis for substantial evidence to support a social security determination[3] agency adjudicators and courts cannot ignore their inadequacies. Experience within our adversary trial system has long demonstrated that naked conclusions and opinions by medical experts are often subject to reserved and unwritten qualifications requiring searching evaluation. Medical diagnosis is seldom an exact science. However, since expediency is deemed an important consideration in processing social security claims[4] the Secretary and reviewing courts must closely scrutinize the evidence to avoid miscarriages of justice. For the right to disability payments is a significant one to the applicant; it may well constitute the only ray of hope left to him.

■ In the present case the Secretary has relied on reports of certain medical

---

2. It might be advisable for the Secretary to submit a short set of interrogatories to examining physicians which will require the physician not only to set forth his full detailed opinion as to the extent of disability but also whether in his opinion the claimant was disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period

of disability. We note Health, Education and Welfare medical advisers utilize forms in giving their opinions.

3. *See* Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

4. *See* Richardson v. Perales, 402 U.S. 389, 406, 91 S.Ct. 1420 (1971).

advisers to determine that the claimant is not disabled from engaging in any gainful activity under the Act. We think these written reports, without personal examination of the claimant, deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant.

This court six years ago voiced disapproval of this type of practice in Murphy v. Gardner, 379 F.2d 1, 4 n. 4 (8th Cir. 1967). In a similar vein, in Hayes v. Gardner, 376 F.2d 517 (4th Cir. 1967), the examiner based his decision denying benefits to the claimant on a report written by a Dr. Glendy. Dr. Glendy did not examine the claimant but based his opinion on facts he gleaned from the medical reports. In reversing and awarding benefits to the claimant the court held:

> We reach the conclusion that, in view of the opinion evidence as to the existence of a disability, combined with the overwhelming medical facts, the uncontradicted subjective evidence, and claimant's vocational background, the opinion of a doctor who never examined or treated the claimant cannot serve as substantial evidence to support the Secretary's finding.

*Id.* at 520–521.

Although the use of medical advisers was approved by the Supreme Court in Richardson v. Perales, 402 U.S. 389, 408, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971), we think it significant that the Court there noted he was used "primarily in complex cases for explanation of medical problems in terms understandable to the layman-examiner . . . . He did offer his own opinion on the claimant's condition." The latter fact clearly distinguishes our discussion here.

■■ In evaluating whether a claimant is capable of engaging in any gainful activity it is essential that the Secretary view the individual as a whole. It is senseless to view several disabilities as isolated from one another as the medical advisers did here. Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being. Different people react in markedly different ways to similar injuries. A back condition may affect one individual in an inconsequential way, whereas the same condition may severely disable another person who has greater sensitivity to pain or whose physical condition, due to age, obesity, deformity, or general physical well-being is generally deteriorated. To attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.

We reverse and remand the case to the district court with directions to remand to the Secretary for further proceedings in accord with this opinion.