**Donald E. DAISS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant.**

**No. Civ. 71-0-249.**

United States District Court,
D. Nebraska.

March 14, 1974.

———◆———

William K. Schaphorst, U. S. Atty., Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., Paul P. Cacioppo, Regional Atty., Caroline McB. French, Deputy Regional Atty., Dept. of Health, Ed. and Welfare, Kansas City, Mo., for plaintiff.

William S. Padley, Ogallala, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is before the Court on the defendant's motion for summary judgment (Filing No. 13) of plaintiff's action for review of a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's claimed disability benefits. The action is brought pursuant to 42 U.S.C. § 405(g). Although a hearing was scheduled for the present motion, plaintiff has agreed that the matter be submitted to the Court without further argument on the record developed in previous proceedings.[1]

Donald Daiss applied for Social Security Disability Benefits under 42 U.S.C. §§ 416(i) and 423 on March 27, 1969, claiming that he had been unable to work since June of 1966. The claim was denied on June 16, 1969. He requested a reconsideration on October 8, 1969, which reconsideration resulted in an affirmance of the denial on November 19, 1969. Plaintiff requested a hearing which was held on February 17, 1970, in North Platte, Nebraska, and on March 12, 1970, the hearing examiner issued a finding that claimant was under a "disability" as defined under the law. The Appeals Council then undertook review of this finding on its own motion and issued a decision on April 16, 1971, reversing the hearing examiner's decision. Daiss filed suit in this Court on June 15, 1971, for review of that final decision of the Secretary. A motion for summary judgment by the defendant precipitated leave to file an amended complaint, to which was attached additional evidence, specifically a Veterans Administration award of fifty per cent disability and the testimony of one Doctor Bruce Claussen at a state workmen's compensation hearing regarding plaintiff's disability. Upon a finding by the Court (Denney, J.) that said evidence was "probative of an inability to engage in any substantial gainful employment" the case was remanded to the Appeals Council for reconsideration of its decision in light thereof, under 42 U.S.C. § 405(g). On July 20, 1973, the Appeals Council rendered its decision on remand in light of all evidence previously considered as well as that additional evidence offered by the plaintiff in his court action. The July 20th decision affirmed the original one, to wit: "(T)he claimant . . . has not been under a 'disability' as defined under the Social Security Act, commencing at any time prior to the issuance of this decision." The matter is now before the Court on review of all the foregoing proceedings of the Secretary.

The standard for review of a Secretary's final decision has been amply outlined on various occasions by the Eighth Circuit. The only contested issue before this Court is whether the plaintiff is disabled as that term is defined under the Act. In Garrett v. Richardson, 471 F.2d 598, 599–600 (8th Cir. 1972), the Court instructed that the claimant has the burden, which never shifts, of establishing that he is disabled. The statutory definition of disability was explained as imposing a three-fold requirement:

. . . (1) that there be a medically determinable physical or mental impairment which can be expected to (result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months), (2) that there be an inabili-

---

[1] Plaintiff raises the issue of whether summary judgment under Federal Rule of Civil Procedure 56 is a proper avenue for adjudication of this action. The Court finds that it is. In Beane v. Richardson, 457 F.2d 758, 759 (9th Cir.), cert. denied, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972), it was stated:

The judicial determination of this administrative finding presents only an issue of law and not a question of fact. It is, therefore, a proper issue to raise by summary judgment. (Citations omitted.)

*See, e. g.,* Reyes v. Secretary of Health, Education and Welfare, 155 U.S.App.D.C. 154, 476 F.2d 910, 912 n. 1 (1973); Landess v. Weinberger, No. 73–1493, 490 F.2d 1187 (8th Cir. 1973).

ty to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment. . . . (Footnote omitted) *Id.* 471 F.2d at 600.

The findings of the Secretary, together with a reasonable inference to be drawn therefrom, are conclusive if supported by "substantial evidence." "Substantial evidence" was defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." As a guide to applying this stanard, the Court instructed:

1) The evidence must be based on the record as a whole;

2) The determination of its presence must be made on a case-to-case basis; and

3) Where the record shows conflicts, it is the Appeals Council's prerogative to resolve them. *Id.* 471 F.2d at 599–600.

It would serve no useful purpose to set out the substance of the myriad records and testimony that was offered and considered by the Secretary in making his decision on this matter. Suffice it to say that a close reading by this Court of all of the records of the Secretary, including the testimony before the hearing examiner, the latter's decision, the reports of all doctors and the two decisions of the Appeals Council, satisfies this Court that those decisions were made with consideration by the Secretary of the record as a whole and with no disregard to the evidence offered. The nature of plaintiff's physical infirmities were not disputed to any large degree, all doctors being of the opinion that he did suffer from impairment of his physical movements in his lower back and left leg. The extent of those "disabilities" was in conflict, but the Court cannot find that its judgment on the facts and the record would be any more reasonable or credible than that of the Secretary. Findings as to the physical infirmities of the claimant were summarized in the Council's first decision:

The claimant has osteoarthritis of the spine . . .

The claimant has a circulatory impairment of the left leg . . .

The claimant has a passive agressive personality with some psychoneurosis . . .

The claimant has no other significant physical or mental impairments. (T. at 17)

The Court finds substantial evidence in the record to support those findings. Thus, the first essential element of plaintiff's burden of proof has been shown. The second and third elements remain to be analyzed, to wit: whether there is substantial evidence in the record that the plaintiff is not precluded by the impairment from carrying on a "substantial gainful activity." The Secretary's finding in this regard was that the impairments listed above prevented him from lifting heavy weights or bending over, on a regular basis; from prolonged and excessive use of his leg; and that his personality and psychiatric state did not interfere with work activity on a regular basis. The Appeals Council thus concluded that the claimant was not disabled under the meaning of the Act in its first decision and likewise in its second decision. In that second decision the Appeals Council stated:

The Appeals Council has carefully considered the claimant's history, age, education, work experience including jobs as a gas meter repairman and janitor, his complaints and the medical evidence of record. The Appeals Council finds the newly-received evidence confirms the conclusions reached in its prior decision, namely, that claimant retains the physical and mental capacity to perform light and sedentary work in keeping with his vocational background. (T. at 147).

This Court is of the opinion that the record supports such a finding. It does so cognizant of the recent instruction of the Eighth Circuit regarding the responsibility of the Secretary to develop, and

the reviewing courts to canvass, evidence regarding the claimant's ability to engage in a substantial *and* gainful activity. As recently stated in Landess v. Weinberger, No. 73–1493, 490 F.2d 1187 (8th Cir. 1973):

> (O)ur recent decisions have made it clear that the hearing examiner has a duty to fairly and fully develop the matters at issue.

> \* \* \* \* \* \*

> (S)ince expediency is deemed an important consideration in processing social security claims the Secretary and reviewing courts must closely scrutinize the evidence to avoid miscarriages of justice. For the right to disability payments is a significant one to the applicant; it may well constitute the only ray of hope left to him. (Footnote omitted.)

> \* \* \* \* \* \*

> In evaluating whether a claimant is capable of engaging in a substantial gainful activity it is essential that the Secretary view the individual as a whole. His or her age, ability, education, work experience are all to be weighed along with the totality of the proven disability. It is senseless to view several disabilities as isolated from one another . . . . Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. (Citation omitted.)

A succinct overview of the evidence offered to and considered by the Appeals Council will clearly show that it fulfilled its duty of fully and fairly developing the evidence surrounding plaintiff's ability to engage in substantial gainful activity and considered his impairments as a whole against the background of his particular age, education and work experience.

When the Appeals Council made its final decision, it had the following opinions before it, speaking directly to the issue of plaintiff's ability to engage in substantial gainful employment:

1) The decision of the Social Security Office in its initial determination of disability of June, 1969, that:

> Objective findings do not substantiate any impairment severe enough to preclude this claimant from performing some type of work.

Ex. 11, T. at 100.

2) The following decision of the Social Security Office in its second disability determination of November of 1969:

> His occupational skills however, are primarily conducted with his hands at a bench and there does not appear to be significant evidence to show he could not do this type of work.

Ex. 13, T. at 106.

3) The report of the Veterans Administration psychiatrist (Doctor Richardson) of April, 1969, that rehabilitative work would be the better avenue for claimant to seek, and that plaintiff had shown interest to the doctor in that but had not followed up on an offer by the state employment office to seek help at the Milford Training School.[2] (Ex. 10, T. at 92–94).

4) The opinion of one Doctor Kostal, a consultative internist, of January, 1971, that due to plaintiff's circulatory problems, excessive prolonged use of his legs was not feasible (Ex. AC–10, T. at 134).

5) Doctor Bruce Claussen, an orthopedic surgeon, reported in September of 1970 that Daiss was "incapable of em-

---

2. The plaintiff testified at the hearing of February, 1970, before the hearing examiner, that the state employment office had given him a test to see what he was "best suited for" but they had not gotten in touch with him again (T. at 56). The records of the Milford Training School, as of May 5, 1970, showed no contact by plaintiff had yet been made. (Ex. AC–4, T. at 114). There is no record of what the results of the employment test were.

ployment at that time." (Ex. AC–8, T. at 123) In July of 1971, in his testimony before the Keith County District Court in support of plaintiff's workmen's compensation claims, Claussen stated:

> In my opinion, this patient is not capable of pursuing an occupation which would involve heavy lifting as a primary factor in this occupation—heavy labor.

Ex. AC–17, T. at 169.

6) Doctor Landgraf, specializing in psychiatry and neurology, reported in September of 1970 that plaintiff's psychiatric and mental state would not preclude him from engaging in work especially where minimal contact with others was involved. (Ex. AC–9, T. at 129).

7) Doctor Yost, a consultative orthopedic surgeon, examined plaintiff on January 18, 1971, and reported:

> I would feel he would have a great deal of difficulty with his weight and with the low back instability he has, in performing anything but bench type of work.

Ex. AC–11, T. at 138.

8) Doctor Taylor, an orthopedic surgeon, reported in April of 1973 that if plaintiff lost weight and became better motivated, he would be "better able" to carry out work activities. (Ex. AC–19, T. at 187).

These opinions as to plaintiff's ability to engage in a substantial gainful employment must be read against his vocational background. At the time he suffered the back strain in June of 1966, while working for the gas company, he had been employed there some nine years. Before his employment with that company, he had previously run a service station and at another time had operated a cafe. Prior to that, most of the activities engaged in required heavy labor and lifting. After the injury in June of 1966, plaintiff went back to work at the gas company but did no lifting. He repaired gas meters which were lifted by others upon the bench at which he sat. He engaged in this work with no problems until the summer of 1968 when he took a leave of absence for abdominal surgery. He sought the job again after recuperating but found he had been laid off because of his inability to do heavy lifting. He had also done some janitorial work from January to March of 1970, but could not endure the back pain and leg problems and he therefore, voluntarily terminated that employment. This, of course, is consistent with the Council's finding that plaintiff's employment would need to be limited to light and sedentary bench work.

The opinions of the doctors and psychiatrists in this case are not mere general statements as were the ones counseled against in Garrett v. Richardson, *supra,* 471 F.2d at 603. These opinions as to the plaintiff's capacity to work were specifically related to and substantiated by specialized personal examinations made by the various doctors. This Court feels that the Council had ample evidence of plaintiff's vocational background to make a reasonable judgment, based on the medical testimony, of what type of work he was physically and mentally able to perform. Nor is this a case where the Court deems the failure to call a vocational counselor to have been error. As stated in Johnson v. Richardson, 486 F.2d 1023, 1025 (8th Cir. 1973):

> Our statement in *Garrett* does not mean in every Social Security disability hearing the administrative judge must call as a witness a vocational counselor. Where, however, the essential issue relates to the capacity of the claimant to perform a specific job and *there is no other evidence directly on that issue,* . . . a vocational expert should be called. (Emphasis theirs.)

In *Johnson, supra,* the only evidence in the record regarding the capacity of the

claimant to perform a specific vocation disputed the examiner's finding. That clearly is not the case here. In *Garrett, supra,* one doctor reported that the claimant should be able to be gainfully employed, "at least in a light to moderate job situation," and another doctor reported that "there is no obvious reason why this patient could not be employed." The Court found those statements too general in nature. However, the present case involves the opinions of a number of various doctors specifically relating the medical impairments to plaintiff's vocational history, and the making of direct and reasonable conclusions therefrom as to his ability to engage in employment. In this case, the state employment office had given the plaintiff a test as to his work abilities and he had been told that rehabilitation help would possibly be available to him. He apparently made no effort to look into this. Presumably, the Appeals Council could have procured the results of this test, but they did not, apparently because of the other evidence available on the issue. It must be remembered that plaintiff had counsel both before the first and the second decisions of the Appeals Council, who this Court must assume fully developed the evidence for plaintiff. The Secretary does not have the burden of finding "a specific employer and job for the claimant" and he is entitled to exercise "some effort and some ingenuity within the range of the claimant's capacity." Brasher v. Celebrezze, 340 F.2d 413, 414 (8th Cir. 1965).

█ Therefore, the entire record having been carefully considered by this Court, it finds that the procedure followed gave plaintiff ample opportunity to present all evidence necessary to a showing of a disability within the meaning of the Act, and that the Secretary fairly supplemented this and his findings are supported by substantial evidence. Accordingly, the decision of the Appeals Council is affirmed.

A separate order will be entered this day.