**Arnold J. LUND, Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Appellee.**

**No. 74–1763.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1975.

Decided July 29, 1975.

· Emmett D. Dowdal, White Bear Lake, Minn., filed appellant's typewritten brief and reply brief.

Robert G. Renner, U. S. Atty., and Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., filed typewritten brief for appellee.

Before HEANEY and WEBSTER, Circuit Judges, and NANGLE, District Judge.*

WEBSTER, Circuit Judge.

Arnold J. Lund brought this action under 42 U.S.C. § 405(g) to recover disability benefits under the Social Security Act following his exhaustion of administrative remedies. The District Court entered summary judgment in favor of the Secretary of Health, Education and Welfare, and this appeal followed. We reverse and remand to the District Court with instructions to enter summary judgment in favor of Lund.

Lund is 48 years old and has an eighth grade education. In 1969, he struck his head against the roof of the automobile in which he was riding when one of its wheels fell off. Shortly thereafter, he began to experience severe headaches, neck pain, and skin problems. He received medical treatment for his injuries and is currently on medication for both the headaches and skin problems.

Lund applied to the Social Security Administration for the establishment of a period of disability pursuant to 42 U.S.C. § 416(i) and disability insurance

* The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri, sitting by designation.

benefits pursuant to 42 U.S.C. § 423 in 1970, claiming the infirmities which resulted from his automobile accident prevent him from maintaining gainful employment.[1] This application was denied.

At Lund's request, a hearing was held in Minneapolis, Minnesota, on June 15, 1972. Lund testified at this hearing and was represented by counsel. His claim was again denied. When he appealed this ruling, the Appeals Council of the Social Security Administration adopted the decision of the hearing examiner as its own and refused to grant his claim.

On September 18, 1973, within 60 days of the final action of the Social Security Administration, Lund filed this suit, pursuant to 42 U.S.C. § 405(g), in the District Court for review of the Secretary's decision. The District Court granted the Secretary's motion for summary judgment, holding that the findings of the Secretary were supported by substantial evidence in the record and conclusive.

■ This court has established a three-fold test to be used in determining whether a claimant is "disabled" as that term is used in the Social Security Act:[2]

The statutory definition of disability imposes the three-fold requirement (a) that there be a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration"; (b) that there be an "inability to engage in any substantial gainful activity"; and (c) that the inability be "by reason of" the impairment.

*Celebrezze v. Bolas,* 316 F.2d 498, 501 (8th Cir. 1963); *accord, Yawitz v. Weinberger,* 498 F.2d 956, 959–60 (8th Cir. 1974); *Garrett v. Richardson,* 471 F.2d 598, 600 (8th Cir. 1972).

Before the Administrative Law Judge, Lund testified that he has suffered from severe headaches and neck pain since his automobile accident.[3] Several medical reports were introduced, all of which were consistent with Lund's complaints. These reports, although differing in their recommendations of treatment, uniformly stated that Lund had limited neck rotation, tenderness in the upper cervical area, and some muscle strain in the vicinity of the neck.[4] Two doctors, Jon R. Stratte and A. W. Overgard, stated in their respective reports that Lund had neck pain and post-traumatic headaches. A third doctor, John E. Larkin, said in his report that Lund's reported headaches were consistent with the cervical instability he had found in his examination of Lund.

A vocational expert who had been called by the hearing examiner testified that, based upon Lund's objective complaints taken from the medical reports and supplied to him by the hearing examiner in the form of a hypothetical

1. At the time of the accident, Lund owned and operated a filling station. Prior to that he worked as a laborer, foundry worker, shipping and receiving clerk, and welder. Lund spent three years in the military service, receiving an honorable discharge in 1952.

2. The Act defines "disability" as:

   (1) * * *

   (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

   * * * * * *

   (2) For purposes of paragraph (1)(A)—
   (A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * * 42 U.S.C. § 423(d).

3. Lund also testified that he had a skin problem that worsened when he used his hands. Because of our disposition of the case, we need not deal with this contention.

4. The government contends the medical evidence is conflicting, citing the reports of Dr. Larkin (Adm. R. at 133) and Dr. Foreman (Adm. R. at 152). We find no conflict between the substance of these reports and the others as they relate to Lund's symptoms or his assertion of pain.

question, Lund should be able to perform light work. The expert suggested that Lund could become a guard or watchman, a clerk, an attendant at a parking lot or recreational facility, or a janitor.

When asked to take Lund's subjective complaints into consideration, however, he testified that

[Lund] would lack the work endurance to survive on any of these jobs. * * [H]e is incapable of any work activity.

* * *

* * * * * *

[H]e would be incapable of any sustained vocational, * * * he wouldn't be employable. [sic]

That Lund has suffered a medically determinable physical impairment which has resulted in an adverse impact upon his ability to engage in gainful activity is not in dispute. The issue is the degree of impairment, that is, whether such impairment has disabled Lund from engaging in *substantial* gainful activity.

■ In denying Lund's claim, the Administrative Law Judge ruled "that claimant has failed to establish that the headaches of which he complained are so disabling, or of such severity, that he had severe functional limitation [sic] that would preclude *all work activity*." Adm. R. at 18 (emphasis added). This is an erroneous view of the law. Once an impairment has been established and the claimant has shown "that his impairment is so severe that he is no longer able to perform the kind of work in which he has been engaged * * * the burden shifts to the Secretary to prove that there is available some other kind of 'substantial gainful employment' which claimant is able to perform." *Stark v. Weinberger*, 497 F.2d 1092, 1098 (7th Cir. 1974); *see Klug v. Weinberger*, 514 F.2d 423, 426–427 (8th Cir. 1975); *Timmerman v. Weinberger*, 510 F.2d 439, 443 (8th Cir. 1975). *See generally* Annot. 22 A.L.R.3d 440 (1968).

■ The Administrative Law Judge adverts to no evidence that Lund could in fact perform any of his former occupations, and our own search of the record discloses none. He found instead that Lund could perform at least light work on a sustained basis. Lund, on the other hand, testified at the hearing that his headaches forced him to sell the gasoline station which he owned at the time of his accident, and that any activity caused severe pain and a lapse of memory. A vocational expert who was called by the Administrative Law Judge stated that Lund would be unable to work as a welder or heavy laborer because of his condition. The burden thus shifted to the government to show that Lund could engage in substantial gainful activity.

■ The only medical evidence in the record of Lund's ability to do work is favorable to him; his own doctor stated that he did "not know of any jobs that would not increase his headaches and neck pains." The other medical reports were merely diagnostic in nature. An administrative law judge may not draw upon his own inferences from medical reports. *See Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974); *Willem v. Richardson*, 490 F.2d 1247, 1248–49 n. 3 (8th Cir. 1974). Nor is a vocational expert qualified to interpret diagnoses or to pass on the truth of subjective complaints. *See Hamlet v. Celebrezze*, 238 F.Supp. 676, 681 (E.D.S.C.1965).

■ Since there is no factual basis in the record upon which the Administrative Law Judge could reject Lund's testimony, *see Johnson v. Richardson*, 486 F.2d 1023 (8th Cir. 1973), his subjective complaints, which may serve as the basis of a disability award, *see Timmerman v. Weinberger, supra*, 510 F.2d at 442; *Yawitz v. Weinberger, supra*; Annot. 23 A.L.R.3d 1034 (1969), stand unrebutted. None of the medical reports are inconsistent with the complaints and, as noted above, three of the reports contain corroborating opinions by doctors who examined Lund.

We think, under these circumstances, the rejection by the hearing examiner of the evidence of disabling headaches was arbitrary and contrary to substantial evidence in the record. While credibility determinations are for the Secretary,

there should be found in the record some basis for disbelieving such critical testimony. We find none here.

The Secretary's denial of Lund's claim is thus not supported by substantial evidence in the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We therefore reverse the judgment of the District Court and remand this case with instructions to grant summary judgment for the plaintiff.