Leo R. SMITH, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
the Department of Health, Education
and Welfare.

No. 80–1133.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
on Sept. 18, 1980.

Decided Jan. 13, 1981.

Jerome J. Purcell, Merritt & Purcell, Pittsburgh, Pa., for appellant.

Stephanie V. Naidoff, Regional Atty., Joseph M. Masiuk, Asst. Regional Atty., Office of the Gen. Counsel, Region III, Dept. of Health, Education and Welfare, Philadelphia, Pa., Robert J. Cindrich, U. S. Atty., Stephen I. Goldring, Asst. U. S. Atty., Western District of Pennsylvania, Pittsburgh, Pa., for appellee.

Before ADAMS, HUNTER and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare (Secretary) denying George R. Smith's claim for disability insurance benefits.

This case is not untypical of many Social Security cases which come before us for review. The Administrative Law Judge's (ALJ's) opinion is replete with the proper conclusionary terms which "justify" denial of the claim. The ALJ has decided every major issue of credibility against the claimant. Yet, when carefully reviewing the actual facts of record on which the ALJ presumably based his findings, it seems that the evidence in support of his adverse ruling is so slight that, upon consideration of the entire record, one must wonder whether his findings, particularly his credibility findings, were based on a mere speculative hunch or were reasoned findings. The able Magistrate who reviewed this record apparently had most of the same qualms we have. She noted that:

The review of this case is extremely difficult. Plaintiff's testimony of constant pain is compelling. However, it is subject to the credibility evaluation of the Administrative Law Judge.

Because the ALJ had "found plaintiff's testimony on severe daily pain not to be credible" the Magistrate recommended that the Secretary's motion for summary judgment be granted. We do not find a sufficient basis of record for the ALJ to make his adverse findings on credibility, and therefore this case must be resolved in favor of the plaintiff.

Because the Secretary's decision was not supported by substantial evidence, we reverse.

I.

On November 1, 1973, Smith filed for disability insurance benefits, stating that he was not able to engage in gainful employment during the period beginning in January of 1971 to the present because of a chronic ulcer condition. His application was denied on January 11, 1974 as was his Request for Reconsideration. On October 10, 1974, Smith requested a hearing before an ALJ and a hearing was held on January 22, 1976. The ALJ denied Smith disability benefits and the Appeals Council affirmed.

An appeal was taken from the Council's affirmance to the United States District Court for the Western District of Pennsylvania. The District Judge by Memorandum and Order dated July 1, 1977 remanded this case to the Secretary because of deficiencies in the findings of the first ALJ who denied claimant benefits. The record did not then contain evidence that Smith's former jobs, which the ALJ found he could perform, did not involve repetitive bending.

A hearing and supplemental hearing were held on remand and a different ALJ again denied Smith benefits. The Appeals Council affirmed the decision of the ALJ and Smith filed a Motion to Reopen. Upon the motion's denial, Smith appealed to the District Court. The case was assigned to a U. S. Magistrate for a report and recommendation.

The Magistrate filed her Report and Recommendation on November 30, 1979 in which, with seeming reluctance, she recommended that the Government's Motion for Summary Judgment be granted and that the decision of the Secretary, denying

Smith's application for disability benefits under 42 U.S.C. §§ 416(i) and 423, be affirmed. The District Judge by Order of December 20, 1979, adopted the Magistrate's Report and Recommendation. Smith filed a timely Notice of Appeal to this court.

## II.

Appellant, Leo R. Smith was born on January 12, 1928. He has a ninth grade education and, since 1943, with the exception of a brief stint in the Navy, has been employed in a variety of unskilled jobs. His last employment was in 1974, again in an unskilled position, and lasted for only three days.

In 1959, Smith was hospitalized and operated on for a perforated duodenal ulcer. He was rehospitalized in 1969 and again in 1971 for ulcer treatment. Finally, in January of 1973, he was hospitalized for gastrointestinal distress incident to his chronic ulcer condition. X-rays taken at that time revealed no ulcer activity and Smith was diagnosed by Dr. Herberg as having a spastic irritable colon.

On October 17, 1974 another X-ray was taken which showed evidence of an active ulcer crater. Dr. Kenneth Beers, Smith's personal physician and an associate of Dr. Herberg, wrote to the Social Security Administration on October 30, 1974 and reported that Smith had a history of chronic duodenal ulcer disease of at least 18 years' duration, chronic anxiety and a currently acute ulcer condition which was difficult to control medically. Dr. Beers concluded that in his opinion Smith was permanently and totally disabled. This view of the severity of Smith's illness was repeated in Dr. Beers' April 1976 report.

## III.

■ Under 42 U.S.C. §§ 416(i), 423(d)(1)(A), an applicant for disability insurance benefits must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." An administrative decision to deny benefits will

be upheld on review if supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence. *Baerga v. Richardson*, 500 F.2d 309 (3d Cir. 1974), *cert. den.* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Williams v. Finch*, 440 F.2d 613 (5th Cir. 1971); *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964).

After reviewing the record below, we find at least two instances where the Secretary's decision was not supported by substantial evidence. First, the Secretary failed to give appropriate consideration to *unrebutted* medical evidence that Smith's ulcer condition rendered him disabled. Second, the Secretary failed to give appropriate consideration to Smith's testimony of severe pain. On the record of this case, the ALJ, upon whose decision the Secretary relied, drew an impermissible inference of no disability.

## A.

■ In finding Smith not disabled, the ALJ relied on the responses of Dr. Herberg to two Pennsylvania Bureau of Vocational Rehabilitation questionnaires, dated November 1973 and July 1974. Dr. Herberg diagnosed spastic irritable colon and indicated that Smith suffered only slight debility. It is not clear whether Dr. Herberg, in reaching this conclusion, considered Smith's history of ulcer and severe pain as well as his spastic colon. In response to a request for "any other observable clinical findings pertinent to patient's total ability to function." Dr. Herberg noted Smith's history of ulcer and suggested contacting the surgeon who had operated on Smith for further information.

Contrasted with the report of Dr. Herberg, which deferred on the ulcer issue, is the October 1974 report of Dr. Beers where it was concluded that Smith was disabled and that he suffered from both the colon and ulcer conditions. The discrepancy between Dr. Herberg's and Dr. Beers' reports is explainable by the fact that Smith's ulcer did not re-erupt until after July of 1974. Dr. Beers' report suggests this by noting that Smith's visits were more frequent after September of 1974.

Thus, Dr. Beers' reports constitute unrebutted medical evidence that Smith's ulcer is disabling. Dr. Herberg's answer to the questionnaires does not contradict the existence of an ulcer problem but merely concludes that the spastic irritable colon would not cause debility and refers the Bureau to Smith's surgeon. Furthermore, Dr. Herberg's responses came prior to the October 17, 1974, X-rays which showed the existence of an active ulcer crater. The Secretary did not present any evidence of his own repudiating plaintiff's physician's report. The Secretary's decision is, therefore, unsupported by medical testimony whereas Smith's testimony stands unrebutted.

### B.

Twice in Smith's case, an ALJ made basic errors in the findings of fact. The first time, the district judge was required to remand the case for further hearings because the ALJ's findings were not supported by the record. After the remand, the second ALJ made equally egregious errors in his findings. As the Magistrate noted:

> Unfortunately, the [ALJ] . . . mischaracterized the testimony in several respects. He referred to the vocational expert's testimony and stated. "It was his opinion that although claimant could not perform his previous jobs he could perform a variety of jobs at the sedentary level. . . ." Actually, Mr. Getsie's [sic] testimony concerning jobs plaintiff could perform was based upon the assumption that plaintiff was able to perform sedentary work. Therefore, the statement that it

was Mr. Getsie's [sic] opinion that plaintiff could perform sedentary jobs is incorrect. In addition, [the ALJ] reported that there was no evidence of any weight loss (Tr. 125) although Dr. Beers' report of October 30, 1974, reported that plaintiff appeared to have lost weight recently (Tr. 106).

After making these consistent mischaracterizations of the testimony and errors in his findings, the ALJ went on to conclude that the claimant was not disabled within the meaning of the Social Security statute.

The magistrate's report, adopted by the district court, noted that Smith would be considered disabled were he afflicted with pain as severe as he alleged. This view reflected the testimony of Cyril Getcie, a vocational expert. The Magistrate noted that Smith's claims of severe pain were supported by Dr. Beers, and by Smith's own testimony, which the Magistrate termed compelling. This fact notwithstanding, the Magistrate regarded determinations of witnesses' credibility as the province of the ALJ and deferred to his opinion. The Magistrate's recommendation was adopted by the district judge.

The ALJ's conclusion that claimant did not have a statutory disability is, as a matter of law, just too speculative to be sustainable. The ALJ seems to have relied heavily on the fact that claimant had testified that "he had full use of his hands, arms and legs, does shopping and last fall went hunting twice." App. at 124. Yet, statutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. Smith's activities are miniscule when compared to a plethora of cases which have held that there was total disability even when the claimant was far more active than Smith. It is well established that sporadic

or transitory activity does not disprove disability. The decision of the Eighth Circuit in *Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir. 1974) is instructive. Claimant there averred to disabling headaches, although he drove a car, took cross country camping trips and did considerable handiwork around the house. Medical evidence showed that claimant suffered severe headaches but that he was otherwise healthy. A vocational expert testified that claimant could perform certain jobs, although his headaches would interfere with his performance. Nevertheless, the court overturned the ALJ and ruled claimant disabled. As the court noted in *Willem v. Richardson*, 490 F.2d 1247 (8th Cir. 1974), "[the claimant's] sporadic and transitory activities may demonstrate not his ability but his inability to engage in substantial gainful activity." 490 F.2d 1247, 1249 n. 4, *quoting, Wilson v. Richardson*, 455 F.2d 304, 307 (4th Cir. 1972). Similarly, the sporadic and transitory nature of Smith's activities demonstrate not his ability but his inability to engage in substantial gainful activity.

■ The ALJ's error in drawing an inference from sporadic activities to a lack of disabling pain is compounded by the absence of corroborating medical testimony. Such evidence is essential to a finding of non-disability. *Williams v. Finch, supra; Willem v. Richardson, supra; Garrett v. Richardson*, 471 F.2d 598 (8th Cir. 1972).

■ Here, all evidence as to disabling pain is favorable to the plaintiff. An ALJ may not make purely speculative inferences from medical reports. *Lund v. Weinberger*, 520 F.2d 782 (8th Cir. 1975). As in *Lund*, "[s]ince there is no factual basis . . . upon which the ALJ could reject [claimant's testimony of disabling pain], his subjective complaints . . . stand unrebutted" 520 F.2d at 785 (citations omitted). Pain may be disabling, *Northcutt v. Califano*, 581 F.2d 164 (8th Cir. 1978), and a claimant's assertions of pain must be given serious consid-

eration, *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *De Paepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972); *Baerga v. Richardson, supra*, even where those assertions are, not fully confirmed by objective evidence, *Northcutt, supra*. Because the evidentiary basis for his decision was not what he believed it to be, the ALJ's rejection of plaintiff's assertions of disabling pain was unsound.

In *Kennedy v. Richardson*, 454 F.2d 376 (3d Cir. 1978), the hearing examiner had misconstrued the evidence in finding that "none of the claimant's complaints can be confirmed by laboratory and clinical tests" despite a medical report directly supporting those claims. 454 F.2d at 378. The court of appeals remanded for consideration.

In *Thorne v. Weinberger, supra*, the court, citing *Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974), held that failure to seriously consider subjective evidence of pain alone constituted grounds for reversal. 530 F.2d at 583.

In this case, as the ALJ was obligated to note, "claimant's treating physician opined that claimant is permanently and totally disabled." There was no contrary medical evidence submitted to refute this conclusion. The ALJ also noted that the Veteran's Administration had granted claimant a pension based on "a non-service connected disability." Yet, despite the medical evidence in this record the ALJ concluded that though "claimant may have some pain, . . . [t]he medical evidence does not document an impairment of an incapacitating proportion—one which would produce pain of such intensity that ordinary physical activity would be impossible or contradicted." There was no basis for that finding and thus there was no basis for the finding that claimant was not disabled.

For the reasons stated above, we will reverse the judgment of the district court and remand for the entry of a summary judgment in favor of appellant.[1]

1. In his dissent our distinguished colleague says that this case should once again be remanded to the Secretary "for reconsideration of the medical testimony." Typescript at 13.

Presumably the purpose of such a remand would be to allow another ALJ another opportunity to correct critical omissions and errors made by a previous ALJ. The dissent concedes

ADAMS, Circuit Judge, concurring and dissenting.

I agree with the majority that the record before us does not contain substantial evidence in support of the Secretary's decision to deny Leo R. Smith disability benefits. For this reason, I subscribe to the conclusion that the district court's entry of summary judgment in favor of the Secretary may not be sustained. I am not convinced, however, that the same record which is inadequate to support the Secretary's conclusion nonetheless provides sufficient grounds for an award of summary judgment in favor of Smith.

The record contains some evidence supportive of the Secretary's determination that Smith is not disabled. The report of Dr. Herberg concludes that Smith suffers from only a slight debility. Standing alone, Dr. Herberg's opinion would appear to corroborate the Secretary's action. But, as the majority points out, a reviewing court is obliged to consider the entire record, and to determine whether the evidence taken as a whole supports the administrator's decision. In this case, Dr. Beers' conclusion that Smith is permanently disabled and unable to seek or hold gainful employment stands opposed to the medical opinion of Dr. Herberg.

In my view, the Secretary's denial of disability benefits is deficient in that it fails to reconcile these contrary medical opinions. In *Baerga v. Richardson*, 500 F.2d 309 (3d Cir. 1974) *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), a hearing examiner had recommended to the Secretary that an application for disability benefits should be denied, but had "give[n] no clue as to why he chose to accept certain medical evidence and reject contradictory evidence." 500 F.2d at 312. Although we affirmed the Secretary's decision not to grant the application, we observed: "In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." *Id.*

The report of the administrative law judge, on which the Secretary relied in the present case, advances no adequate reason for preferring the recommendation of Dr. Herberg over that of Dr. Beers. Because the record is devoid of other evidence justifying a determination of no disability, I believe that this unresolved conflict makes it inappropriate for us to conclude that the record considered as whole contains substantial evidence to support the Secretary's determination.

At the same time, the inconsistencies in the medical opinions cast doubt on whether Smith has carried the burden of proof, imposed on claimants by 42 U.S.C. § 423, of demonstrating that he is unable to engage in any substantial gainful activity. *See Woods v. Finch*, 428 F.2d 469, 470 (3d Cir. 1970); *Forte v. Matthews*, 427 F.Supp. 187, 190 (E.D.Pa.1977). Rather than enter summary judgment in favor of Smith, I would remand the case to the district court, with instructions that the district judge, in turn,

that "the district court's entry of summary judgment in favor of the Secretary may not be sustained." Typescript at 12. These deficiencies in the findings of the ALJ are not attributable to any error of the claimant. As noted above, Smith has already had two hearings before an ALJ, followed by two petitions to the Appeals Council, two appeals to the United States District Court which once referred the matter to a U. S. Magistrate and an appeal to this court. The district court judge's opinion which first remanded this case and the Magistrate's Report which underlies the present appeal, both noted that the different ALJ had made egregious errors in their findings of fact. Must an indigent claimant, who has already battled for seven years, wait with the patience of Job for yet another remand before he can collect the relatively modest amounts available through such an award? We think not. The procedural history of this case approaches what one thoughtful commentator has said some "neutral observers" of the social security administrative process would call "an adjudicatory system wildly out of control." Mashaw, How Much of What Quality? A Comment on Conscientious Procedural Design, 65 Cornell L.Rev. 823 (1980). Under these circumstances, the majority believes a further remand would be unnecessary and a contravention of fundamental justice.

remand to the Secretary for reconsideration of the medical testimony.[1] While I share the majority's concern over the additional delay that would accompany such a procedure, I do not believe that the sympathetic plight of this claimant relieves us of our obligation to ensure that the claimant has adequately established that he is entitled to benefits. *See, e. g., Dobrowolsky v. Califano,* 606 F.2d 403, 410 (3d Cir. 1979) (remand for ALJ to explain weight and credibility of evidence before him); *Barats v. Weinberger,* 383 F.Supp. 276 (E.D.Pa.1974) (remand proper where clinical evidence is conflicting and conflict was not resolved by administrative law judge in his findings); *cf. Smith v. Weinberger,* 394 F.Supp. 1002 (D.Md.1975) (remand proper, even in face of long delay in processing claimant's application, where court is not satisfied that claimant has carried burden of proof).

The procedural posture of this case also leads me to question the appropriateness of an outright reversal of the district court's decision. Although Smith moved for summary judgment the first time his case was before the district court, the record does not indicate that he renewed the motion when the district court reopened the case following the remand to the Secretary for additional factfinding. Moreover, the notice of appeal filed by Smith indicates that he objects to the entry of summary judgment in favor of the Secretary, rather than to a denial of summary judgment in favor of himself. Mindful that an appellate court's scope of review is circumscribed by the questions posed by the parties, I would think that our jurisdiction in this case is limited to a consideration of whether the Secretary's denial of benefits was supported by substantial evidence, and that the further question whether Smith had carried his burden is, perhaps unfortunately, beyond our purview. *Cf. Dobrowolsky v. Califano,* 606 F.2d at 410 (case remanded to agency

even though claimant "vigorously urged" reversal of district court and entry of summary judgment for himself).

Through no fault of his own, Smith's application for disability has been embroiled in controversy now for seven years. Although this delay is regrettable in the extreme, especially in light of Smith's considerably less than affluent status, I am not persuaded that this Court can properly reverse the judgment of the district judge and declare that Smith has met the statutorily imposed burden of proof. Rather, I would suggest that the Secretary dispose of Smith's application as expeditiously as possible, in order to temper the harsh effects of additional delay. Further, I would urge that the Secretary take steps to prevent such extended proceedings in the future.

1. The majority suggests that Dr. Herberg's opinion does not contradict that of Dr. Beers, inasmuch as Dr. Herberg, in focusing on Smith's spastic colon, may not have considered disabilities stemming from Smith's ulcer. While I recognize that this is a possible interpretation of Dr. Herberg's report, Dr. Herberg's conclusion that Smith was only slightly disabled might plausibly be construed as standing in direct opposition to Dr. Beers' recommendation. The ambiguity surrounding Dr. Herberg's report is, in my view, a further indication that the case should be remanded for reconsideration by the Secretary.