**Margaret D. WEIKEL**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. A. No. 83–436.

United States District Court,
E.D. Pennsylvania.

July 26, 1983.

Charles Bressi, Pottsville, Pa., for plaintiff.

Margaret L. Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The issue here is whether there is substantial evidence to support the findings

# 1474

of the Secretary. 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "more than a mere scintilla". It means such relevant evidence as a "reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). As was stated in *Smith v. Califano,* 637 F.2d 968 (3d Cir.1981):

> Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence. *Baerga v. Richardson,* 500 F.2d 309 (3d Cir. 1974), *cert. den.* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Williams v. Finch,* 440 F.2d 613 (5th Cir.1971); *Thomas v. Celebrezze,* 331 F.2d 541 (4th Cir. 1964). (See page 970).

We here conclude that the Secretary's decision is not supported by substantial evidence. A review of the entire record unequivocally discloses that the Administrative Law Judge (ALJ) disposed of the medical opinions submitted by plaintiff's physicians with the suggestion and conclusion that "It is not unusual for a physician to opine that their patient is disabled. They nearly always do". He then concludes that the medical testimony upon which plaintiff relies is unacceptable and insubstantial. Yet a reference to the transcript at pages 125 and 186 supports no such conclusion.

More importantly, the ALJ has for all practical purposes ignored the plaintiff's testimony and has given little or no consideration to her subjective complaints, the results and effects of which have not in any wise been negated. For example, the plaintiff, sixty years of age, suffering from high blood pressure, complains of sickness in her stomach, numbness in her legs, soreness across her stomach, sensitivity to cold weather, sensitivity to a lesser extent to warm weather, pains several times daily, cramps and pains in her stomach, sickness of her stomach, inability to walk any substantial distance and comfort only when lying in a prone position. She supports these contentions by uncontradicted evidence that on a daily basis the only walking which she does is to the postoffice and back "about two blocks". She further complains of inability to sit for a period in excess of about one and a half hours, almost precisely the time she sat before the ALJ throughout the hearing. She further testified uncontradictedly that she suffers from inability to bend, kneel and assume like or similar positions. She does practically no housework, even cooking. Generally, food is furnished by relatives and members of the family, and all that she does is "warm it up". Only sometimes does she do even a few dishes which need washing by reason of her usage thereof, doesn't do her own laundry, doesn't do any sweeping, mopping, shopping, gardening, mowing of the lawn, painting or growing of flowers. She has no pets or animals, has no hobbies and does not visit friends or neighbors, rather they visit her. She does not go to the movies, is not a member of any club, does not hunt, fish or swim. Her only so-called "outside activity", so described by the ALJ, is her attendance at church. She attends no athletic events and her recreational activities consist exclusively of watching TV. She occasionally tries to do a little "dusting". She has difficulty sleeping, becomes short of wind and is thus forced to get up and walk around. (Tr. 44 through 50). She has described the medication which she takes, the blood pressure condition which exists, her stomach condition and medication taken therefor (Tr. 52). She described her hernial problem, sickness in the stomach, medication administered therefor, (Tr. 53); pain pills prescribed and taken; the effects of radium which has been administered, (Tr. 54, 55) and other conditions and resulting complaints.

Although, as the record will show, we not infrequently grant the defendant's motion for summary judgment, we are here compelled to the reverse conclusion. In *Smith v. Califano, supra,* the court stated:

The ALJ's conclusion that claimant did not have a statutory disability is, as a matter of law, just too speculative to be sustainable. The ALJ seems to have relied heavily on the fact that claimant had testified that "he had full use of his hands, arms and legs, does shopping and last fall went hunting twice". Appl. at 124. Yet, statutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. Smith's activities are miniscule when compared to a plethora of cases which have held that there was total disability even when the claimant was far more active than Smith.... (*See* page 971) Plaintiff's "activities" are far less than those described in *Smith*.

Here there was medical testimony to support the plaintiff's position yet, at the very threshold, that testimony was rejected by the ALJ because of his conclusion that "It is not unusual for a physician to opine that their patient is disabled. They nearly always do". (Tr. 11) The ALJ thus fails to recognize the scores of cases where plaintiffs' physician fails or refuses to offer an opinion because he does *not* "opine" that the plaintiff is disabled.

Because the ALJ has failed to give proper consideration to the plaintiff's subjective complaints, to the medical testimony offered by her and the opinions there expressed, has given inadequate consideration to her limited physical activities and capabilities, we have no choice but to grant the motion for summary judgment filed by the plaintiff and deny the cross-motion for summary judgment filed by the defendant. *See Smith v. Califano, supra.*