

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2005

# Altman v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Altman v. Comm Social Security" (2005). *2005 Decisions*. Paper 1456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 04-1831

———————————

DEBORAH ALTMAN,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY

———————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 03-CV-1653
District Judge: The Honorable Thomas M. Hardiman, Jr.

———————————

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2005

Before: ROTH and CHERTOFF[*], *Circuit Judges*, and SHAPIRO[**], *District Judge*.


(Filed March 10, 2005)

---

[*] This case was submitted to the panel of Judges Roth, Chertoff and Shapiro. Judge Chertoff resigned after submission, but before filing the opinion. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

[**]Honorable Norma L. Shapiro, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION

SHAPIRO, District Judge.

Deborah Altman ("Altman") appeals a District Court decision affirming the Commissioner of Social Security ("Commissioner") denial of her application for disability insurance benefits ("DIB"). We reverse and remand.

Altman has a history of treatment for a variety of symptoms including gastrointestinal complaints, joint pain, night sweats, difficult sleeping, headaches and sore throats. In April 2002, Altman was diagnosed with fibromyalgia.

On May 10, 2002, Altman applying for DIB, alleged disability as of January 28, 2000, because of her fibromyalgia. After the Pennsylvania state agency denied her claim in an initial determination, an Administrative Law Judge ("ALJ") held a hearing at which Altman was represented by counsel. The ALJ found Altman could perform the exertional and non-exertional requirements of a limited range of light and sedentary work and was not disabled under the Act. After considering Altman's objections to the ALJ's decision, the Appeals Council found no basis to amend that decision and denied her request for review. The ALJ's decision then became the Commissioner's "final decision" under 42 U.S.C. § 405(g).

Altman commenced a civil action in the United States District Court for the Western District of Pennsylvania for judicial review of the Commissioner's final decision. The Honorable Thomas M. Hardiman, Jr., issued a Memorandum Opinion and Order affirming the Commissioner's final decision and granting the Commissioner's motion for summary judgment. Altman now appeals the District Court's adverse decision.

There is subject matter jurisdiction under 42 U.S.C. § 405(g) and appellate jurisdiction under 28 U.S.C. § 1291. On review of a district court's grant of summary judgment, the appellate court applies the same test the district court should have applied initially. Sempier v. Johnson & Higgins, 45 F.3d 724, 727 (3d Cir.), cert. denied, 515 U.S. 1159, 115 S.Ct. 2611, 132 L.Ed.2d 854 (1995).

The ALJ's decision must be supported by substantial evidence. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.CT. 1420, 28 L.Ed.2d 842 (1971). The standard is met if there is sufficient evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." Universal Camera Corp. V. NLRB, 340 U.S. 474, 477, 71 S.CT. 456, 95 L.Ed. 456 (1951).

In evaluating whether substantial evidence supports the ALJ's findings, "leniency [should] be shown in establishing the claimant's disability, and that the Secretary's

responsibility to rebut it [should] be strictly construed... [D]ue regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted).

Remand in this case is necessary for reconsideration of the April 8, 2003, physician approved physical and occupational therapy report finding that Altman is limited to part-time sedentary work. As the Commissioner concedes, the ALJ's failure to assign proper weight to this report was in error.

One day before the administrative hearing, on April 8, 2003, Altman underwent a comprehensive Functional Capacity Evaluation ("FCE") at Jeannette Hospital's Occupational Medicine Department. In her hearing testimony Altman stated the evaluation had concluded she was limited to part-time sedentary work and the ALJ held the record open to receive the FCE report.

The FCE report was jointly signed by a physical and occupational therapist and it was also reviewed and signed by a medical doctor. Because the doctor's signature was an illegible scrawl, the ALJ mistakenly concluded the report did not reflect a medical doctor's opinion. In his decision, the ALJ stated:

A physical therapist and occupational therapist reported on April 8, 2003 in

a physical and occupational therapy evaluation that the claimant had

4

limitations exceeding the above assessment (the ALJ's "residual functional capacity" findings)...As to the opinion of the physical and occupational therapists, their opinions are not controlling or given great weight for the purpose of establishing residual functional capacity (citing 20 CFR 404.1513 and SSR 96-2p).

Under 20 CFR 404.1513, a physical or occupational therapist is not an acceptable source to establish a medical impairment. A licensed physician is an acceptable source. The ALJ did not assign the proper statutory weight to the FCE report in reaching his ultimate decision because he thought the report reflected the views of non-physician therapists. The report may have been pivotal in the ALJ's decision-making process because during the hearing the ALJ declared "if she was limited to part-time sedentary activity, I wouldn't send her back to work."

This court has previously remanded cases when the ALJ has failed to offer a clear explanation why medical evidence was rejected. Kent v. Schweiker, 710 F.2d 110 (3d Cir. 1983); see also, Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981) (vacating and remanding ALJ decision because it failed to afford an explanation why the ALJ rejected medical evidence); Kennedy v. Richardson, 454 F.2d 376 (3d Cir. 1972) (it was error for an ALJ to reject uncontradicted medical evidence without a clear statement of the reasons for doing so). The problem here is more material because the ALJ never properly

5

considered a physician's report.

The judgment of the district court is REVERSED and REMANDED to the Commissioner for proceedings consistent with this opinion.