

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2007

# Irizarry v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Irizarry v. Comm Social Security" (2007). *2007 Decisions.* Paper 1074.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1074

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2207

OSVALDO IRIZARRY, JR.,

Appellant

v.

JOANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 05-cv-00231)
District Judge: Honorable Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2007

Before: McKEE, AMBRO and MICHEL[*], Circuit Judges

(filed: May 23, 2007 )

OPINION

_____

[*] Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

AMBRO, Circuit Judge:

Osvaldo Irizarry, Jr. appeals from an order of the United States District Court for the Western District of Pennsylvania affirming the Commissioner of Social Security's decision to deny his application for Supplemental Security Income ("SSI") benefits. Irizarry asserts that the decision of the Administrative Law Judge ("ALJ") is unsupported by substantial evidence. For the reasons that follow, we vacate the District Court's order and remand for further proceedings.

## I. Facts and Procedural History:

Irizarry filed an application for SSI benefits alleging disability due to anxiety and depression beginning in August 2002. After his application was denied, Irizarry requested and was granted a hearing before an ALJ. The ALJ denied Irizarry's application, finding that Irizarry was not disabled and could perform a significant number of jobs in the national economy. Irizarry requested the Appeals Council to review the ALJ's decision. It declined and the ALJ's decision became the final agency decision. Irizarry then filed for review in the United States District Court for the Western District of Pennsylvania. On cross-motions for summary judgment, that Court ruled against Irizarry, who now appeals to us.

Because we write solely for the parties, we note only those facts relevant to our analysis. Irizarry was 20 years old at the onset date of his alleged disability. Until January 2002, he had served 14 months in prison. After his release, he worked as a stock

clerk, telemarketer, and a cook.  At each of these jobs, he was employed for no more than two months.

While incarcerated, Irizarry received treatment and medication for depression and anxiety.  After his release, he sought treatment from the Washington Hospital and the Washington Communities MH/MR Center (the "Washington Center").  He was diagnosed with major depressive disorder, severe and generalized anxiety disorder, and anti-social personality disorder.  The doctors assigned him global functioning scores ("GAFs") ranging from 30 to 37.[1]  At the Washington Center, he reported a history of suicide attempts, including one documented attempt involving an overdose of medication and cleaning fluid.

In February 2002, Irizarry began counseling and medication management with Dr. Leyla Somen, a psychiatrist.  Although Irizarry reported hallucinations, Dr. Somen noted that this claim was "not convincing."  She assigned a GAF score of 47.  At the end of February, she instructed Irizarry to stop taking his medications because he was experiencing side effects.  After being off his medication for one month, he reported severe depression, and Dr. Somen referred him to a hospital for evaluation.

Irizzary went to an emergency room threatening to commit suicide in April 2002.

---

[1]Global functioning or global assessment functioning scores are used by mental health clinicians and doctors to rate the social, occupational and psychological functioning of adults.  *See* 65 F.R. 50746-01, 50764 – 65 (Social Security Administration Rules and Regulations).  It is endorsed by the American Psychiatric Association and assesses an individual's functional abilities and limitations.  *See id.*

He was admitted and treated with anti-depressant medication. On his discharge, he was given prescriptions for anti-anxiety agents and anti-depressants. His GAF rating on discharge was 46.

In October 2002, Irizarry underwent a psychological evaluation with Dr. John Rohar at the request of the State Bureau of Disability determinations. Dr. Rohar found Irizarry to have a flat affect and to be mildly to moderately depressed. On examination, Dr. Rohar noted that Irizarry had intact thought processes and demonstrated average intelligence. According to Dr. Rohar, Irizarry had a "fair" ability to relate to co-workers, use judgment, and interact with supervisors. In the end, Dr. Rohar assessed a GAF rating of 55.

Dr. Edward Zuckerman, a state agency psychologist, in December 2002 reviewed the evidence of record and completed an assessment of Irizarry's mental impairments. Dr. Zuckerman concluded that Irizarry would have moderately limited ability to maintain attention and concentration for extended periods. Further, Dr. Zuckerman noted no other significant limitations.

## II. Standard of Review

In an appeal of a District Court's decision affirming the Commissioner's denial of SSI benefits, we exercise plenary review over legal issues.[2] *Allen v. Barnhart*, 417 F.3d

---

[2] The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291.

396, 398 (3d Cir. 2005). We review the ALJ's factual findings to determine whether they are supported by substantial evidence. *Id.* "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

## III. Discussion

Under the Social Security Act, the Social Security Administration is authorized to pay SSI benefits to persons who are "disabled." 42 U.S.C. § 1382 . A person is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 21–22 (2003).

To determine disability, the Commissioner uses a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *see also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). If a finding of disability or non-disability can be made at any point in the sequential analysis, the Commissioner does not review the claim further. 20 C.F.R.

§ 404.1520(a)(4).[3] Here, the focus is on steps three, four, and five.

The Commissioner, in step three, consults Appendix 1 of the regulations to determine whether the claimant's impairment or its equivalent is listed. 20 C.F.R. § 404.1520(d); *see* 20 C.F.R. Pt. 404, Subpt P, App.1 (listing impairments presumed to be severe enough to preclude substantial gainful activity). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. In step four, the Commissioner determines whether, despite the severe impairment, the claimant has the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(e). She bears the burden of demonstrating an inability to return to do so. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000). At step five, the burden shifts to the Commissioner. Here the Commissioner must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. 20 C.F.R.§ 404.1520(f). To make this determination, the Commissioner considers a claimant's residual functional capacity along with her age, education, and past work experience. 20 C.F.R. § 404.1520(g); *Burnett*, 220 F.3d at 118.

---

[3]At step one, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a). If so, the claimant is not disabled regardless of her medical condition. 20 C.F.R. § 404.1520(b). If not engaged in substantial gainful activity, step two requires the Commissioner to consider whether a "severe" impairment or combination of impairments exists that significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R § 404.1520(c). If a claimant's condition is deemed severe, the analysis continues to step three. *See* 20 C.F.R. § 404.1520(d).

Irizarry claims that the ALJ erred at steps three and four because the ALJ's findings are not supported by substantial evidence. Specifically, Irizarry argues that the ALJ failed to: (1) follow our Court's holding in *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), by not explaining his rejection of documented medical evidence or otherwise affording proper weight to Irizarry's treating medical sources; and (2) interpret properly the consultative psychiatrists ratings of "fair" with regard to Irizarry's occupational ability.[4]

The ALJ must consider all evidence and is required to state the reasons for his decision to ensure meaningful judicial review. *Cotter*, 642 F.3d at 704; *see also Wier v. Heckler*, 734 F.2d 955, 956 (3d Cir. 1984). Here, the ALJ only discussed medical evidence offered by Dr. Rohar. The ALJ's opinion notes that Dr. Rohar assessed Irizarry's GAF at 55. Notably absent from this discussion are the two earlier lower GAF scores found by Dr. Somen and the Washington Center. Further, the ALJ's opinion omits any discussion of Irizarry's treatment at the Washington Center or with Dr. Somen.[5] These omissions fail to follow *Cotter's* mandate that an ALJ's rejection of treating

---

[4]We find it unnecessary to address Irizarry's step five argument because we hold that the ALJ erred at an earlier stage of the sequential analysis.

[5] The Government correctly points out that most of the medical evidence related to Irizarry's mental impairments predates the alleged onset of disability. If this fact were relevant to the ALJ's rejection of medical evidence, then the ALJ needs to state it to ensure meaningful judicial review. *See Cotter,* 642 F.3d at 704. Further, the facts indicate that this alleged onset disability date was chosen because Irizarry did not need disability benefits until August 2002 when he was terminated from his last job.

medical sources be explained.

* * * * *

Because the ALJ did not discuss all of the relevant evidence or explain his rejection of medical evidence offered by Irizarry as he was required to do under *Cotter*, his decision is unsupported by substantial evidence. We therefore vacate the District Court's grant of summary judgment in favor of the Commissioner, and remand for further proceedings consistent with this opinion. "On remand, the ALJ must consider and make specific findings as to all of the relevant probative medical evidence. . . . Further, to the extent that the ALJ reaches a finding contradictory to that of [Irizarry's] treating physicians, he must explain the reasoning behind such a finding, including reconciling conflicts and discussing how and why probative evidence supporting [Irizarry's] claim was discounted or rejected." *Fargnoli*, 247 F.3d at 44.