NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4517
_____

MANUEL RIOS,
                          Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 2-09-cv-05004
(Honorable Michael M. Baylson)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2011

Before:  SLOVITER, SCIRICA and SMITH, *Circuit Judges*.

(Filed: September 14, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

       Manuel Rios appeals the District Court's Order affirming the Commissioner of the

Social Security Administration's decision to deny Supplemental Security Income.  We

will affirm.

I.

Manuel Rios contends he suffers from depression, anxiety, and a shoulder injury. He was born on June 1, 1957, has a ninth-grade education, and past work experience as a truck driver.

Rios filed applications for Disability Insurance Benefits and Supplemental Security Income (SSI) on May 1, 2007, alleging disability starting May 1, 2005. The applications were denied. Subsequently, the Social Security Administration granted Rios a hearing before an administrative law judge who concluded that Rios was not disabled within the meaning of the Social Security Act and accordingly denied his applications. Rios requested review of the decision. The Appeals Council denied the request, and the ALJ's decision became final. The District Court affirmed the ALJ's order that Rios was not entitled to disability or SSI benefits.

II.[1]

We will affirm a Commissioner's final denial of SSI benefits if it is supported by substantial evidence.[2] We are not "empowered to weigh the evidence or substitute [our] conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). If the Commissioner's findings are supported by substantial evidence they

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g), and we exercise appellate jurisdiction under 28 U.S.C. § 1291.
[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (internal quotations and citations omitted). Evidence is not substantial if the Commissioner failed to consider all relevant evidence or failed to explain the resolution of conflicting evidence. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

"shall be conclusive." 42 U.S.C. § 405(g). We have the "responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported" accordingly. *Morales*, 225 F.3d at 317 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

To be eligible for disability benefits, a claimant has the burden to demonstrate that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the claimant's physical or mental impairments must be "of such a severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. at § 1382c(a)(3)(B).

The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. He must decide: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment meets or equals a listed impairment; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the claimant can perform any other work which exists in the national economy, in light of the claimant's age, education, work experience, and residual functional capacity. *Id.* at § 404.1520(a)(4). The evaluation will continue

3

through each step unless it can be determined at any point that the claimant is or is not disabled. *Id.*

The ALJ performed each of the five steps of the required analysis. She considered Rios's physical and psychological examinations, medical treatment, and testimony in addition to testimony from a vocational expert. In particular, the ALJ relied on the consultative psychological examiner's diagnosis of Rios's Global Assessment Functioning (GAF) as between 50 and 55.[3] The ALJ concluded that, though Rios's depression was a severe impairment, it did not meet or equal the severity of affective disorders found in the Social Security Regulation's "Listing of Impairments."[4] 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.04. Further, the ALJ found Rios retained the residual functional capacity for all exertional work levels, limited by his ability to perform only simple, routine tasks with occasional changes in work settings, and

---

[3] GAF scores are used by "mental health clinicians and doctors to rate the social, occupational, and psychological functioning of adults." *Irizarry v. Barnhart*, 233 Fed. Appx. 189, 190 n.1 (3d Cir. 2007). The GAF scale ranges from 1 to 100, with a score of 1 being the lowest and 100 being the highest. *See Debaise v. Astrue*, No. 09-0591, 2010 WL 597488, at *5 n.7 (W.D. Pa. Feb. 16, 2010). A GAF score of 41-50 indicates an individual has serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). *See Watson v. Astrue*, No. 08-1858, 2009 WL 678717, at *5 (E.D. Pa. Mar. 13, 2009) (internal quotations omitted). A GAF score of 51-60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. *See Debiase*, 2010 WL 597488, at *5 n.7 (internal quotations omitted).

[4] At the third step of the five-step analysis, the ALJ must consider the medical severity of a claimant's impairment. If the claimant has an impairment whose severity meets or equals the severity of one of the impairments found in the Social Security Regulation's "Listing of Impairments," the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

moderate limitations in concentration, persistence, or pace. Consequently the ALJ determined Rios was not disabled based on steps 3 and 5 of the five-step analysis.

Rios contends the ALJ's judgment is not supported by substantial evidence because she failed to discuss two GAF scores given by his treating psychiatrists. In 2007 and 2008 Rios's doctors determined he had a GAF of 50, suggesting that he suffered from severe symptoms or impairments in social, occupational, or school functioning. The ALJ only addressed the consultative examiner's 2007 GAF score of 50-55 within her opinion, noting that Rios's condition ranged from moderate to severe.

Rios contends that the two GAF scores of 50, coupled with his treatment records, establish disability. GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings. 65 Fed. Reg. 50746-01, 50764-65 (2000). They are only medical evidence that informs the Commissioner's judgment of whether an individual is disabled. *See Watson*, 2009 WL 678717, at *5. To meet the requisite level of severity for an affective disorder, Rios would have to show either 1) "[m]edically documented persistence" of particular symptoms resulting in specific degrees of difficulty of daily functioning, or 2) a "medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities" in addition to specific symptoms or signs of decompensation. 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.04. Neither Rios's prior GAF scores nor his other medical records indicate the marked limitations or periods of deterioration necessary for such a finding. Instead they show

Rios was consistently sad and depressed, but displayed moderate progress towards reaching his treatment goals.

We agree with the District Court that the ALJ's omission of the psychiatrists' GAF scores does not warrant remand. The ALJ was not "cherry-picking" or ignoring medical assessments that ran counter to her finding. *Dougherty v. Barnhart*, No. 05-5383, 2006 WL 2433792, at *10 n.4 (E.D. Pa. Aug. 21, 2006) (citing *Colon v. Barnhart*, 424 F. Supp. 2d 805, 813-814 (E.D. Pa. 2006)); *Watson*, 2009 WL 678717, at *7. Indeed she used a score that not only reflects Rios's therapist's and doctors' notes that his symptoms ranged from moderate to severe, but that also aligns with her overall judgment that his residual functional capacity was limited by his impairment. Thus the ALJ's failure to reference the two GAF scores was not an error, and her finding that Rios is not disabled is supported by substantial evidence.

III.

For the reasons set forth above, we will affirm the judgment of the District Court.

6