

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2007

# Bagnato v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bagnato v. Comm Social Security" (2007). *2007 Decisions*. Paper 707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4084
_____

FRANCIS BAGNATO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-00561)
District Judge:  The Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges.

Filed July 23, 2007
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

This case is a timely appeal from the District Court's decision affirming the Commissioner's decision to deny disability insurance benefits to Appellant Francis Bagnato (Bagnato). We will affirm.

## I.

The District Court had jurisdiction under 42 U.S.C. § 405(g) and we have appellate jurisdiction under 28 U.S.C. § 1291. Because the Appeals Council denied Bagnato's request for review of the ALJ's decision, we review the ALJ's decision as the final decision of the Commissioner. *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). We employ a substantial evidence standard to review a Commissioner's final denial of benefits. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (internal quotations and citations omitted). Despite this deference, we have the "responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Id.* at 317 (quoting *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir. 1981)).

## II.

To be eligible for disability benefits, a claimant has the burden to demonstrate that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

2

than twelve months." 42 U.S.C. §§ 423(d)(1)(A). There is a five-step sequential evaluation process to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether her impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents her from performing her past-relevant work; and (5) whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4); *see also Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545-46 (3d Cir. 2003). The claimant bears the burden of proof with respect to the first four steps, then the burden shifts to the Commissioner at step five. *Ramirez v. Barnhart*, 372 F.3d 546, 550-51 (3d Cir. 2004).

In this case, the ALJ performed the five-step analysis and determined at step two that Bagnato failed to meet his burden to prove that he had a severe medically determinable impairment which lasted twelve months or more. The District Court concluded that the ALJ's decision on this point was supported by substantial record evidence. The sole question presented in this appeal, then, is whether the ALJ's step-two determination is supported by substantial evidence.

### III.

It is not disputed that Bagnato, a forty-six-year periodic warehouse worker, suffered a brain aneurysm and acute subarachnoid hemorrhage which required surgery in April of 2001. The record establishes, however, that follow-up medical CT scans in May

and December of 2001 did not evidence a continuing aneurysm or hemorrhage.  During his last visit with his neurosurgeon, Dr.  Charles Hunt, Bagnato was assessed with slight bilateral constriction within the visual fields, but no evidence of a continuing aneurysm or hemorrhage was found.  Importantly, Bagnato did not seek any further medical treatment until March of 2003 when he was treated for fractured ribs.   Follow-up x-rays showed the ribs were healing.  There are no allegations that the rib fractures were connected to the brain aneurysm and hemorrhage.  Additionally, subsequent physical examinations showed predominantly normal clinical findings, including recent reports of normal visual acuity. Therefore, the ALJ's determination that Bagnato did not satisfy his burden of proving the durational requirement of 42 U.S.C. §§ 423(d)(1)(A) is supported by substantial evidence of record.

Finally, we have independently scrutinized the entire record and are satisfied that the ALJ's decision was support by substantial evidence.  *See Smith v. Califano,* 637 F.2d 968, 970 (3d Cir. 1981).

IV.

Because substantial evidence supports the ALJ's decision, we affirm the judgment of the District Court sustaining the Commissioner's denial of Bagnato's claim.