

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# Sanchez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4112

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sanchez v. Comm Social Security" (2008). *2008 Decisions.* Paper 1371.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1371

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4112

ANA M. SANCHEZ,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 05-cv-4918
(Honorable Faith S. Hochberg)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed: March 28, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

I.

Ana M. Sanchez appeals the District Court's order affirming the Commissioner's

decision to deny Supplemental Security Income benefits.  We will affirm.

Ana M. Sanchez was born on October 22, 1949 and began living in the United States in 1982. Sanchez has completed the equivalent of one year of high school. From 1990 to 1995, Sanchez worked as a home attendant, a position requiring her to lift up to 100 pounds or more. Sanchez contends she suffers from an impairment of the right leg and pain in her right foot so that she must lie down after standing for a half of an hour.

Sanchez filed an application for Supplemental Security Income benefits (SSI) on November 1, 2002, alleging disability starting June 1, 1995. The application was denied initially and on reconsideration. Sanchez was granted a hearing before an administrative law judge (ALJ) who concluded that the claimant was not disabled within the meaning of the Social Security Act and accordingly denied the application. Sanchez was not represented at this hearing. Sanchez's request to the Appeals Council was denied; the ALJ's decision became final. The District Court affirmed the ALJ's order that Sanchez was not entitled to SSI benefits.

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g) and we exercise appellate jurisdiction under 28 U.S.C. § 1291. We employ a substantial evidence standard to review a Commissioner's final denial of SSI benefits. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (internal quotations and citations omitted). Nonetheless, we have the "responsibility to scrutinize the entire record

2

and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." *Id*. at 317 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

Sanchez contends 1) the Commissioner's decision was not supported by substantial evidence, and 2) the ALJ failed to obtain a knowing waiver of representation.

Evidence is not substantial if the Commissioner or the ALJ failed to consider all relevant evidence or failed to explain the resolution of conflicting evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The ALJ is not "require[d] . . . to use particular language or adhere to a particular format in conducting his analysis. Rather, [there must be] sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

The ALJ performed the requisite five-step analysis to evaluate disability, finding that although Sanchez could no longer perform her past relevant work, she was able to perform a full range of medium work which existed in substantial quantity in the national economy.[1] The ALJ examined and considered the diagnoses, medical records, and

---

[1]To be eligible for disability benefits, Sanchez has the burden to demonstrate that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step sequential evaluation to determine whether a claimant is disabled: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment meets or equals a listed impairment; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the claimant can perform any other work which exists in the national economy,
(continued...)

3

treatment recommendations of the relevant health care providers and Sanchez's testimony before concluding that the claimant could perform a full range of medium work. Specifically, the ALJ found the persistence and intensity of the symptoms complained of were not consistent with the objective medical and other evidence and could not be accepted as having diminished Sanchez's capacity for basic work activities to the extent alleged. A 2002 State agency medical consultant exam revealed Sanchez had full range of motion in all joints, no deformities, and negative straight leg raising, despite using a cane and possessing a subjective limp. The doctor performing the exam concluded Sanchez was able to perform sedentary, light, and moderate work. A January 2003 State agency medical consultant's assessment indicated a residual functional capacity equivalent to a full range of medium work. Hospital treatment records from February 4, 2003, presented for pain secondary to twisting her right ankle eight months prior, included an X-Ray that found no indication of fracture or dislocation. A March 18, 2003 MRI report described a suggested bone bruise and stated that an associated fracture could not be ruled out.

The ALJ found the above objective medical evidence belied Sanchez's claimed disability, remarking upon her failure to pursue physical therapy or to seek medical

[1](...continued)
in light of the claimant's age, education, work experience, and residual functioning capacity. 20 C.F.R. § 404.1520(a)(4).

4

treatment other than that described.[2]  When asked why she couldn't work, Sanchez responded that the pain in her foot required her to lie down after a half of an hour of standing and that she grew very tired.  Considering the totality of the record, we find the ALJ's decision supported by substantial evidence.

Sanchez further contends the ALJ did not obtain a knowing waiver of representation and failed to meet the heightened duty owed to unrepresented claimants. Sanchez received the aid of an interpreter because of her limited ability to read and communicate in English.  During the administrative hearing, the ALJ informed Sanchez of her right to representation.  The ALJ explained what a representative could do and that there were some representatives who did not charge for their services.  The ALJ asked Sanchez if she had received a list of possible representatives, to which she replied affirmatively.  The Notice of Hearing and list of possible representatives was sent in English and Spanish.  Offered the choice to proceed without representation or to delay and obtain representation, Sanchez chose to proceed.  Sanchez knowingly waived her right to representation.

---

[2]The ALJ failed to explicitly mention Sanchez's testimony that she saw a podiatrist from 2002 to June of 2003.  Included in the record are two prescriptions from the podiatrist dated February 12, 2002 and March 4, 2003 for right ankle air casts.  However, examination records from 2002 and 2003 reveal the ankle was only slightly swollen, non-tender, and had a full range of motion.  Given the deferential standard of review afforded to the ALJ's decision, this omission is not reversible error.

5

When a claimant is unrepresented, the ALJ has an enhanced duty to develop the record and hold a full and fair hearing. The Notice of Hearing invited Sanchez to forward any additional evidence to the ALJ. The ALJ left the record open after the hearing to solicit and receive additional evidence. The ALJ issued post-hearing subpoenas to medical providers from whom Sanchez received treatment. Hospital treatment records and the 2003 MRI report were received in response to the subpoenas. The ALJ met the enhanced duty to develop the record and hold a full and fair hearing.

## III.

For the reasons set forth above, we will affirm the judgment of the District Court.