

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2008

# Gonzalez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gonzalez v. Comm Social Security" (2008). *2008 Decisions.* Paper 1359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4755

ZORAIDA GONZALEZ,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 05-cv-2524
(Honorable Garrett E. Brown, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2008

Before:  SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed: March 31, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

I.

Zoraida Gonzalez appeals the District Court's Order affirming the Commissioner's

decision to deny Disability Insurance Benefits.  We will affirm.

Zoraida Gonzalez was born on July 21, 1972. She has an eighth-grade education and her past work experience includes employment as a restaurant worker. Gonzalez contends she suffers from impairments of the back, neck, knees, and right shoulder, asthma, arthritis, anemia, high blood pressure, obesity, and a thyroid condition.

Gonzalez filed an application for Disability Insurance Benefits on February 10, 2003, alleging disability starting August 8, 2002. The application was denied initially and on reconsideration. Gonzalez was granted a hearing before an administrative law judge (ALJ) who concluded that the claimant was not disabled within the meaning of the Social Security Act and accordingly denied the application. Gonzalez's request to the Appeal's Council was denied; the ALJ's decision became final. The District Court affirmed the ALJ's order that Gonzalez was not entitled to disability benefits.

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g) and we exercise appellate jurisdiction under 28 U.S.C. § 1291. We employ a substantial evidence standard to review a Commissioner's final denial of disability benefits. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310. 316 (3d Cir. 2000) (internal quotations and citations omitted). Nonetheless, we have the "responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not

2

supported by substantial evidence." *Id*. at 317 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

Gonzalez contends 1) the Commissioner's decision was not supported by substantial evidence, and 2) her medical records were not fully developed or considered.

Evidence is not substantial if the Commissioner or the ALJ failed to consider all relevant evidence or failed to explain the resolution of conflicting evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F. 3d 112, 121 (3d Cir. 2000). The ALJ is not "require[d] . . . to use particular language or adhere to a particular format in conducting his analysis. Rather, [there must be] sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

The ALJ performed the requisite five-step analysis to evaluate disability,[1] finding that although Gonzalez was severely impaired, her impairments did not meet or equal a listed impairment. Further, the ALJ found Gonzelez retained the residual functional

---

[1]To be eligible for disability benefits, a claimant has the burden to demonstrate that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). The Commissioner follows a five-step sequential evaluation to determine whether a claimant is disabled: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether she has a severe impairment; 3) whether her impairment meets or equals a listed impairment; 4) whether the claimant's impairment prevents her from performing her past-relevant work; and 5) whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functioning capacity. 20 C.F.R. § 404.1520(a)(4).

3

capacity to complete light level work provided she could alternate sitting and standing at will, only have to climb, balance, stoop, kneel, crouch or crawl occasionally, and could avoid excessive dust, fumes, heights, and other hazards. The ALJ concluded this work existed in significant numbers in the national and regional economy. The ALJ examined and considered the diagnoses, medical records, and treatment recommendations of health care providers in addition to testimony from a vocational expert and the claimant.

First, Gonzalez contends the ALJ failed to make a finding at step two of the analysis regarding her anemia, high blood pressure, Lupus, and thyroid condition. However, the ALJ examined the diagnoses and treatments of each, concluding the impairments were not severe. Gonzalez also contends the ALJ erred at step three of the analysis, both in his conclusion and the explanation following. But the ALJ reviewed each of the claimant's impairments in turn, providing adequate explanation. The ALJ examined reports from Gonzalez's treating physicians and centers as well as from consultative examiners. The ALJ discussed Gonzalez's history, symptoms, and treatment for each condition and compared those he found severe with the proper listings.

Second, Gonzalez contends the ALJ incorrectly assessed her residual functional capacity. The ALJ, did not, as Gonzalez argues, rely solely on the Medical-Vocational Guidelines, or "grids," but weighed the claimant's exertional and non-exertional limitations in making this determination, again reviewing the medical evidence, the claimant's subjective complaints, and vocational expert testimony. The ALJ is not

4

"require[d] . . . to use particular language or adhere to a particular format in conducting his analysis. Rather, [there must be] sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). There is substantial evidence in the record to support the ALJ's determinations at each step of the analysis.

Last, Gonzalez alleges the ALJ failed to obtain and consider recent testing records. The MRI reports and medical records referred to were contained within the record, however, and were reviewed by the ALJ prior to reaching his determination.

III.

For the reasons set forth above, we will affirm the judgment of the District Court.