**Eliesel SANTIAGO, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 06–4105.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 17, 2008.

Filed: April 15, 2008.

Abraham S. Alter, Langton & Alter, Rahway, NJ, for Appellant.

Karen T. Callahan, Social Security Administration Office of General Counsel, New York, NY, for Commissioner Of Social Security.

Before: SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

### I.

Eliesel Santiago appeals the District Court's order affirming the Commissioner's denial of Supplemental Security Income benefits. We will affirm.

Eliesel Santiago was born on July 7, 1939. He has a ninth grade education and worked as a box lift operator from 1993 to 1999 when the plant for which he worked closed. Prior to 1993, he worked as a cylinder processor in a chemical plant. Santiago contends he suffers from diabetes, poor vision, hypertension, and depression. Santiago has a history of treatment for these conditions.

Santiago filed an application for Supplemental Security Income benefits (SSI) on May 10, 1999, alleging disability starting January 15, 1999. The application was denied initially and on reconsideration. Santiago was granted a hearing before an administrative law judge (ALJ) who concluded that the claimant was not disabled within the meaning of the Social Security Act, denying the application. Santiago's request to the Appeals Council was denied; the ALJ's decision became final. The Dis-

trict Court affirmed the ALJ's order that Santiago was not entitled to SSI benefits. Santiago timely appealed, contending the Commissioner's decision was not supported by substantial evidence.

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g) and we exercise appellate jurisdiction under 28 U.S.C. § 1291. We employ a substantial evidence standard to review a Commissioner's final denial of SSI benefits. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir.2000) (internal quotations and citations omitted). Nonetheless, we have the "responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Id.* at 317 (quoting *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981)). Evidence is not substantial if the Commissioner or the ALJ failed to consider all relevant evidence or failed to explain the resolution of conflicting evidence. *See Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 121 (3d Cir.2000).

To determine disability, the ALJ must complete a five-step sequential evaluation.[1] Performing the requisite analysis, the ALJ found that although Santiago was severely impaired, his impairment did not meet or equal a listed impairment. Further, the ALJ found Santiago retained the residual

functional capacity to complete low stress, medium work with visual limitations in performing fine, detailed work, including his past position as a shipping box lift operator. In reaching this decision, the ALJ examined and considered the diagnoses, medical records, and treatment recommendations of health care providers in addition to testimony from a vocational expert and the claimant.

■ First, Santiago contends the ALJ failed to explain the finding that his impairments did not meet or equal those listed. But the ALJ reviewed each of the claimant's impairments in turn, providing adequate explanation. The ALJ examined reports from Santiago's treating physician and medical center as well as from consultative examiners. The ALJ discussed Santiago's history, symptoms, and treatment for each condition following his conclusion at step three of the analysis.

■ Second, Santiago contends the ALJ incorrectly assessed his residual functional capacity. However, the ALJ weighed the claimant's physical and mental impairments in making the determination, again reviewing the medical evidence, psychological evaluations, vocational expert testimony, and the claimant's subjective complaints. The ALJ is not "require[d] ... to use particular language or adhere to a particular format in conducting his analysis. Rather, [there must be] sufficient development of the record and explanation of findings to permit meaningful review."

---

1. To be eligible for disability benefits, Santiago has the burden to demonstrate that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). The Commissioner follows a five-step sequential evaluation to determine whether a claimant is disabled: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment meets or equals a listed impairment; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the claimant can perform any other work which exists in the national economy, in light of the claimant's age, education, work experience, and residual functioning capacity. 20 C.F.R. § 404.1520(a)(4).

*Jones v. Barnhart,* 364 F.3d 501, 505 (3d Cir.2004). There is substantial evidence in the record to support the ALJ's determinations at steps three and four of the analysis.

Last, Santiago alleges the ALJ improperly questioned the vocational expert, posing incomplete hypothetical questions and omitting psychological limitations so as to influence the expert's answers. The vocational expert was present during Santiago's testimony and heard the claimant describe his impairments and complaints. The ALJ questioned the vocational expert about a hypothetical person who had problems with his vision, memory, concentration, and stress levels, taking into account the physical ailments Santiago described in his testimony. These questions incorporated all of Santiago's impairments, both physical and mental. The ALJ properly relied on this testimony, concluding Santiago was not disabled within the meaning of the Social Security Act.

### III.

For the reasons set forth above, we will affirm the judgment of the District Court.