

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Novolog Bucks Cty v. OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Novolog Bucks Cty v. OWCP" (2008). *2008 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3149
_____

NOVOLOG BUCKS COUNTY,
SIGNAL MUTUAL INDEMNITY ASSOCIATION,

Petitioners,

v.

KINDER MORGAN, ACE AMERICAN INSURANCE CO,
JOHN RUSSIAN,

Respondents.

_____

On Appeal from the Order dated May 22, 2007
Benefits Review Board, at No 0090-1
ALJ: Ralph A. Romano

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008

Before: McKEE, FUENTES, and WEIS, Circuit Judges.

(Opinion Filed: August 4, 2008)

_____

OPINION OF THE COURT
_____

- 1 -

FUENTES, Circuit Judge:

Novolog Bucks County ("Novolog") petitions for review of an order and opinion of the Benefits Review Board (the "Board") which upheld the finding of the Administrative Law Judge ("ALJ") that Novolog is the employer responsible for the benefits awarded to claimant John Russian ("Russian") pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*. (the "Act"). For the reasons that follow, we will deny the petition for review.

**I.**

Because we write only for the parties, we will set forth only those facts necessary to our analysis. On May 31, 2004, Russian injured his left knee during the course of his employment with Novolog at the Ferris Hills Facility ("Ferris"). Dr. Barry Burton examined Russian on June 1, 2004 and diagnosed him with a knee sprain. Dr. Burton ordered an MRI which revealed a complex tear of the body and posterior horn of the medial meniscus, an intermeniscal signal abnormality within the posterior horn of the lateral meniscus which was suspicious for tear, medial and lateral compartment osteoarthritis, and moderate to large joint effusion and a ruptured Baker's cyst. Dr. Burton referred Russian to Dr. David Eingorn, a board certified orthopaedic surgeon, who ordered Russian to complete eighteen physical therapy sessions between July 12 and August 23, 2004. Dr. Eingorn released Russian from his care on August 26, 2004, reporting that he was almost asymptomatic based upon Russian's self-reported lack of

symptoms.  Dr. Eingorn instructed Russian at that time that he would likely need arthroscopic surgery if he had any recurrent pain.

Russian was released to work without restrictions, and continued to work at Ferris without complaint for nine and a half months.  During this period, Kinder acquired Ferris, making Russian an employee of Kinder.  After being a Kinder employee for six months, Russian presented to Dr. Eingorn again with complaints of pain in his left knee.  An MRI performed on that day revealed a complex tear of the body and posterior horn of the medial meniscus with a flipped fragment in the meniscal femoral recess, a questionable tear of the anterior horn of the lateral meniscus, mild proximal patellar tendinosis, cartilage loss, and moderate joint effusion with thickened plica.  Three and a half months later, at the request of Novolog's insurance carrier, Dr. Lefkoe, another board certified orthopaedic surgeon, examined Russian and reviewed Russian's medical records and concluded that the objective medical tests suggested that Russian's 2004 injury was the precipitating cause of his 2005 disability.  On December 2, 2005, Dr. Eingorn performed surgery on Russian's knee.

Russian filed claims with the United States Department of Labor against both his previous employer, Novolog, and his current employer, Kinder pursuant to the Act.  The two employers stipulated as to the compensability of Russian's disability, but disagreed as to the responsible employer.  The ALJ held a hearing on January 9, 2006 in order to determine which employer was liable for the payment of Russian's medical expenses and

disability benefits pursuant to the Act. At the hearing, Drs. Eingorn and Lefkoe opined that Russian's injury was aggravated during his employment with Kinder, and therefore, his disability was not the natural progression of his 2004 injury. Russian testified that he misled Dr. Eingorn as to the severity of his symptoms and stopped treatment in August 2004 because he feared losing his job if he did not return to work prior to Kinder's acquisition of Ferris. The ALJ credited Russian's testimony and found that Russian's 2005 disability was the natural progression of his 2004 injury, and that Novolog was responsible for Russian's benefits.

The Board affirmed the decision of the ALJ, and Novolog petitioned this court for review. Novolog argues that (1) there is not substantial evidence to support the ALJ's finding that Russian's 2005 disability was the natural progression of his 2004 injury; (2) Russian's testimony that he misled his treating physicians, which was central to the ALJ's decision, is not credible; (3) the ALJ and the Board misconstrued the holding in Delaware River Stevedores, Inc. v. Director OWCP, 279 F.3d 233 (3d Cir. 2002); and (4) under Delaware River, Kinder is responsible as a matter of law. We have jurisdiction of the petition to review the Board's final order pursuant to 33 U.S.C. § 921(c).

**II.**

Under the Act, the Board is obligated to treat the ALJ's findings of fact as "conclusive if supported by substantial evidence in the record considered as whole." 33 U.S.C. § 921(b)(3). Substantial evidence is "more than a mere scintilla. It means such

- 4 -

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

In reviewing the Board's decision this court must ascertain whether the Board adhered to the applicable scope of review, whether the Board committed any errors of law, and whether the ALJ's findings are supported by substantial evidence on the record as a whole. Delaware River, 279 F.3d at 241.

The Board correctly held that there is no apportionment of liability in cumulative injury claims under the Act. Instead, when

> determining the responsible employer in the case of multiple traumatic injuries, if the disability results from the natural progression of an initial injury and would have occurred notwithstanding a subsequent injury, then the initial injury is the compensable injury and accordingly the employer at the time of that injury is responsible for the payment of benefits. If, on the other hand, the subsequent injury aggravates, accelerates, or combines with claimant's prior injury, thus resulting in claimant's disability, then the subsequent injury is the compensable injury and the subsequent employer is fully liable.

Id. (internal citations omitted).[1]

Our review of the record reveals that the Board correctly found that the ALJ's finding that the 2005 disability was the natural progression of his 2004 injury was

---

[1]Novolog argues that the ALJ and the Board misconstrued this court's holding in Delaware River. In Delaware River we held that the second employer is responsible if a subsequent injury aggravates, accelerates, or combines with the original injury; however a full recovery from the original injury is not necessary to shift the liability from the first to the second employer. Any statements or inferences by the ALJ or the Board that Kinder is the responsible employer only if Russian had fully recovered from his 2004 injury prior to his 2005 disability were erroneous.

supported by substantial evidence. Despite Dr. Eingorn's and Dr. Lefkoe's conclusions that Russian's injury was aggravated while working for Kinder, their testimony regarding the objective evidence was consistent with the finding that the 2005 disability was the natural progression of his 2004 injury. Dr. Eingorn stated that the condition of Russian's knee revealed in the 2005 MRI test was "more likely than not" the natural progression of the condition revealed in the 2004 MRI. (Supp. App. at 9-10.) He further admitted that the objective tests performed during his 2004 and 2005 physical examinations of Russian's knee yielded the same results, and that even after examining Russian's knee during surgery it was impossible to tell whether there had been a second injury. Dr. Lefkoe, who only examined Russian in 2005, stated that the objective evidence indicated that Russian's condition was a natural progression of the 2004 injury. Drs. Eingorn and Lefkoe based their opinions that Russian aggravated his injury in the course of his employment with Kinder on Russian's reported lack of symptoms in 2004 and on subjective medical evidence such as pain on the medial lateral joint lines that he had not reported during his 2004 physical examinations. However, the ALJ credited Russian's testimony that he stopped treatment and misled Dr. Eingorn and as to the severity of his symptoms so that he could return to work in August 2004.

Because the ALJ's determination that Russian's disability resulted from the natural progression of the 2004 injury is supported by substantial evidence, Novolog is responsible for paying Russian's benefits. Siminski v. Ceres Marine Terminals Inc., 35

- 6 -

BRBS 136 (2001); <u>Delaware River</u>, 279 F.3d at 241.

## III.

Accordingly, we will deny the petition to review the Board's decision affirming the ALJ's finding that Novolog is liable for Russian's benefits.